# IN THE SUPREME COURT OF IOWA

No. 30 / 04-1345

Filed May 19, 2006

**KATHLEEN CRALL and THOMAS CRALL**,

    Appellees,

vs.

**MARGARET DAVIS,**

    Appellant.

---

Appeal from the Iowa District Court for Polk County, Artis I. Reis, Judge.

Interlocutory appeal from a district court order concluding good cause justified plaintiffs' delay in serving defendant. **REVERSED AND CASE REMANDED WITH DIRECTIONS.**

Michael A. Carmoney of Grefe & Sidney, P.L.C., Des Moines, for appellant.

Herbert Rogers, Sr., of Rogers Law Offices, P.C., Des Moines, for appellees.

**LAVORATO, Chief Justice.**

In this interlocutory appeal, we conclude the district court erred in failing to dismiss the plaintiffs' petition based on the defendant's contention that there was an abusive delay in service of process. Accordingly, we reverse and remand the case with directions.

## I. Background Facts and Proceedings.

On February 16, 2004, Kathleen and Thomas Crall sued Margaret Davis, their next-door neighbor, for injuries Kathleen suffered in a slip-and-fall incident on Davis's property on February 16, 2002. Thomas's claim was for loss of consortium.

On April 30 a preanswer motion was filed on Davis's behalf. The motion alleged that the district court had no jurisdiction over Davis because the Cralls had failed to serve her personally. The motion asked that the district court rule that the Cralls had not effected personal service on Davis. The motion contained Davis's home address, 7610 Wistful Vista Drive, West Des Moines, Iowa, and a copy of the motion was faxed to the Cralls' attorney.

On May 3 the Cralls filed an "affidavit of process server." The affidavit stated that on April 8, 2004, at 8:30 a.m., the petition at law and original notice were left with Andrea Speten, Davis's daughter, in Vacaville, California. The manner of service indicated on the affidavit was: "Substituted at Residence: By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of [eighteen] and explaining the general nature of the papers." The affidavit further stated that two prior attempts at service were made on April 6, 2004 at 6:12 p.m. and April 7, 2004 at 1:22 p.m.

On May 7 the Cralls filed a response to the preanswer motion. The response stated that service on Davis was effective because Davis was living

with her daughter in California and her daughter accepted service on Davis's behalf without stating that Davis did not live there. The Cralls asked that the court deny Davis's preanswer motion and direct Davis to file an answer immediately.

An affidavit of service dated May 12 appears in the record and stated the following. After the process server received the original notice and petition on May 6, he attempted to serve Davis three times at 7610 Wistful Vista Drive in West Des Moines, Iowa. In talking with Davis by telephone, the process server learned she was in California.

The ninety-day deadline imposed by Iowa Rule of Civil Procedure 1.302(5) to serve the original notice and petition expired on May 16, 2004. *See* Iowa R. Civ. P. 1.302(1) (requiring a copy of the petition to be attached to the original notice). On May 20 Davis filed a motion to dismiss. The motion alleged that the Cralls had ample opportunity to serve Davis prior to the expiration of the ninety-day deadline and that Davis's attorney gave the Cralls' attorney her address in a faxed copy of the preanswer motion to dismiss. The motion further alleged that Davis had not avoided service, but, in fact, had returned a call to "Larry," a process server, and told him where she would be available. In addition, the motion alleged that the Cralls had not requested additional time from the court to serve her or approve an alternate means of service. Finally, the motion alleged that the Cralls could not show good cause for their failure to serve Davis within ninety days. For these reasons, the motion sought dismissal of the Cralls' entire claim.

Davis's affidavit was attached to the motion. In it, Davis stated she was at her home at 7610 Wistful Vista Drive in West Des Moines, Iowa on April 8, 2004, the day the process server left papers with her daughter in California. Davis further stated that she had been visiting her daughter and

family in California, but had returned to her home in Iowa several days before April 8. Finally, Davis stated that she had never been a resident of the state of California.

On June 8 the district court held a hearing on the motion to dismiss following which the court granted the motion.

On June 11 the Cralls filed a motion to set aside the judgment in which the Cralls' counsel stated that (1) he had entered the date and time on his calendar and planner incorrectly, (2) he had every intention of resisting the motion to dismiss, and (3) he had appeared at the time and date mistakenly entered on his calendar and planner.

On July 28 over Davis's resistance, the district court entered an order, which was filed on August 2, in which the court found as follows: the Cralls did not request an extension of time to serve Davis; personal service was not made on Davis; and substituted service was not sufficient because Davis's dwelling house or usual place of abode was not at her daughter's house in California.

The court however made the following additional findings. Within ninety days of filing the petition, the Cralls attempted to serve Davis again, but when the process server arrived at Davis's home on May 12, she was not there. The process server was told she was visiting her daughter in California.

The court further found that there was substantial evidence of good cause for the Cralls' failure to effect personal service on Davis. The court noted that it would have been preferable for the Cralls' counsel to apply for an extension of time for service if there were any question as to whether service could be accomplished. The court ordered Davis to accept service through her attorney and extended the deadline for service through the date on which the acceptance is filed with the court.

On August 11 Davis filed a motion to amend or enlarge ruling under Iowa Rule of Civil Procedure 1.904(2), which the Cralls resisted. In the motion, Davis pointed out that the court had not explicitly set aside the court's previous order dismissing the suit and objected to that portion of the order directing her to accept service through her attorney. In support of her motion, Davis argued that the order directing her to accept service through her attorney was contrary to the Iowa Rules of Civil Procedure and was a violation of her constitutional due process rights.

On August 27 Davis filed an application for interlocutory appeal. On September 10 the district court filed its ruling on Davis's motion to amend or enlarge ruling. The court specifically granted the Cralls' motion to set aside judgment, vacated the June 8 order dismissing the action, and denied the motion to amend or enlarge ruling. The court found good cause existed for the Cralls' failure to serve Davis within ninety days because of the "Cralls' repeated unsuccessful attempts to personally serve Davis." The court also found that it had authority to order alternate time or manner of service.

On October 7 we granted Davis's application for interlocutory appeal.

## II. Issues.

Davis raises the following issues. Did the district court err when it denied her motion to dismiss the petition? Did the district court deprive Davis of her due process rights by ordering her to accept service through her attorney? Because we conclude the district court erred as to the first issue, we restrict our discussion to that issue.

## III. Scope of Review.

We review motions to dismiss for correction of errors at law. *Brubaker v. Estate of DeLong*, 700 N.W.2d 323, 326 (Iowa 2005). Motions to dismiss are generally limited to the pleadings. *Wilson v. Ribbens*, 678

N.W.2d 417, 418 (Iowa 2004).  For this reason, the district court does not consider matters outside the pleadings.  *Id.*  One exception, however, is when the court is considering a motion to dismiss for delay of service.  *Carroll v. Martir*, 610 N.W.2d 850, 856 (Iowa 2000).  In those circumstances, we are bound by the district court's factual findings if supported by substantial evidence.  *Wilson*, 678 N.W.2d at 418.  Evidence is substantial if "a reasonable mind would accept it as adequate to reach a conclusion."  *Bus. Consulting Servs., Inc. v. Wicks*, 703 N.W.2d 427, 429 (Iowa 2005) (per curiam).

**IV.  Analysis.**

Iowa Rule of Civil Procedure 1.302(5) governs service of notice:

> If service of the original notice is not made upon the defendant, respondent, or other party to be served within [ninety] days after filing the petition, the court, upon motion or its own initiative after notice to the party filing the petition, shall dismiss the action without prejudice as to that defendant, respondent, or other party to be served or direct an alternate time or manner of service.  If the party filing the papers shows good cause for the failure of service, the court shall extend the time for service for an appropriate period.

Iowa R. Civ. P.  1.302(5).

In *Meier v. Senecaut*, we noted that Iowa Rule of Civil Procedure 49(f), now rule 1.302(5),

> contemplates that the court take action once service has not been accomplished within ninety days from the time the petition is filed.  The type of action directed by the rule is to dismiss the action without prejudice, impose alternative directions for service, or grant extension of time to complete service for an appropriate period of time.  Extension of time requires a showing of good cause.

641 N.W.2d 532, 541 (Iowa 2002) (citations omitted).

In addition, the rule

> simplifies the procedure for courts to follow when confronted with a motion to dismiss for delay in service of process filed by

a defendant who has been served more than ninety days after the petition was filed or beyond any extension. Under the prior rule, a two-step analysis was employed. If there had been a delay in service, the court was first required to decide if the delay was presumptively abusive. If abusive delay was established, the court was then required to decide if the delay was justified. Under our new rule, it is no longer necessary for the court to engage in the first step of the analysis when service has not been made within ninety days and no extension was granted. By allowing the court to dismiss a petition after ninety days, the rule now establishes the standard for presumptive abuse. Thus, courts must now simply decide if the plaintiff has shown justification for the delay.

*Id.* at 542 (citations omitted).

The district court found that the Cralls had not served Davis within the ninety days as required by the rule. There is substantial evidence to support this finding. The fighting issue is whether substantial evidence supports the district court's finding that the Cralls established good cause for the failure to serve Davis. Davis contends substantial evidence does not support such a finding; the Cralls contend otherwise. For reasons that follow, we agree with Davis.

Davis filed a preanswer motion to dismiss on the ground that the Cralls had not served Davis within ninety days as rule 1.302(5) requires. We have interpreted the rule as allowing such a motion when service has been delayed more than ninety days after the filing of the petition in the absence of an order for an extension of time to serve the defendant. *See id.*

Here there was no order extending the time for service. In these circumstances—no service within ninety days and no order extending the time for service—the delay was "presumptively abusive." *See id.* The only issue left for the district court to decide was whether the Cralls had shown justification for the delay. *See id.* The standard we employ in determining such justification is "good cause." *See id.* If there was good cause that prevented the Cralls from serving Davis within the ninety days, then the

court had no discretion except to extend the time for service for an appropriate period. *See id.* at 541 (" '[I]f the party filing the papers shows good cause for the failure of service, the court *shall* extend the time for service for an appropriate period.' " (Emphasis added.) (Citation omitted.)); *Wilson*, 678 N.W.2d at 420. If there was no such good cause, the rule requires the court to dismiss the action without prejudice. Iowa R. Civ. P. 1.302(5); *Meier*, 641 N.W.2d at 542.

> Good cause, we said, requires that
>
> " '[t]he plaintiff must have taken some affirmative action to effectuate service of process upon the defendant or have been prohibited, through no fault of his [or her] own, from taking such an affirmative action. Inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service have generally been [deemed] insufficient to show good cause. Moreover, intentional nonservice in order to delay the development of a civil action or to allow time for additional information to be gathered prior to "activating" the lawsuit has been held to fall short of . . . good cause . . . .' "

*Meier*, 641 N.W.2d at 542 (first and second alterations in original) (omissions in original) (citations omitted). We recently expanded the good cause interpretation in *Wilson*:

> "[G]ood cause is likely (but not always) to be found when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances . . . ."

678 N.W.2d at 421 (citation omitted).

We agree with the Cralls that they took affirmative steps to serve Davis. Nevertheless, we conclude, for reasons that follow, that there was not substantial record evidence to support the district court's finding that these affirmative steps constituted good cause. Although the Cralls filed their petition on February 16, 2004, the first attempt at service did not

occur until April 6, fifty days later. (Service was attempted on April 6 and 7; on April 8, the process server left the petition and original notice with Davis's daughter in California.) The Cralls offered no explanation for this delay. *See Mokhtarian v. GTE Midwest Inc.,* 578 N.W.2d 666, 668-69 (Iowa 1998) (noting in good cause analysis a lapse of time when no service attempts were made and no explanation given for the delay); *Meier*, 641 N.W.2d at 542-53 (noting in good cause analysis a lapse of time when no service attempts were made and no satisfactory explanation given for the delay). Moreover, this first attempt was directed at Davis's daughter, which as the district court found, was not good service. This finding is supported by substantial evidence. Such service therefore had no legal significance, and for that reason did not constitute adequate justification for the delay until the next attempt on May 12, more than thirty days later. *See Mokhtarian*, 578 N.W.2d at 669 (holding that attempts at service that have no legal significance are not adequate justifications for the delay in service). In fact, Davis was at her home in West Des Moines on April 8, the day the process server attempted service on her daughter in California. All of these facts clearly demonstrate that the Cralls did not act diligently in trying to effect service.

Moreover, as mentioned, the April 30 preanswer motion has Davis's home address, and Davis's attorney faxed the motion to the Cralls' attorney. The Cralls, however, delayed attempting to serve Davis there until May 12— 4 days before the expiration of the ninety-day deadline. The process server received the papers on May 6 but made no attempt to serve Davis at her home until May 12. After making three attempts to serve Davis, the process server talked to her by telephone and learned she was visiting her daughter in California. The Cralls, however, made no attempt to serve Davis at her daughter's home in California—the very place service was first attempted.

As we recognized in *Meier*, rule 1.302(5) "requires service within ninety days and requires the plaintiff to take affirmative action to obtain an extension or directions from the court if service cannot be accomplished." 641 N.W.2d at 543. The Cralls did neither. In interpreting comparable Federal Rule of Civil Procedure 4(m), federal courts have held that a failure to move for an extension of time may be construed as an absence of good cause for the delay. *See* 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137, at 386 & 386 n.36 (3d ed. 2002). Interestingly, the district court noted in its ruling that "it would have been preferable for plaintiffs' counsel to apply to the Court for an extension of time for service if there were any question as to whether service could be accomplished." We conclude in these circumstances such action was not merely preferable, but required. The Cralls' failure to take such affirmative action further supports our conclusion that there was not substantial evidence to support the district court's finding of good cause.

## V. Disposition.

Because there was not substantial evidence to support the district court's finding of good cause, we conclude the district court erred as a matter of law in failing to grant Davis's motion to dismiss. Accordingly, we reverse the district court decision and remand for an order dismissing the petition.

**REVERSED AND CASE REMANDED WITH DIRECTIONS.**