**IN THE COURT OF APPEALS OF IOWA**

No. 14-0522
Filed January 14, 2015

**THOMAS R. JONES and
SUSAN JONES,**
　　　　Plaintiffs-Appellees,

**vs.**

**ANGELA BUSTA,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Cerro Gordo County, Rustin T. Davenport (order regarding service or dismissal), Colleen D. Weiland (motion for extension of time), and Gregg R. Rosenbladt (motion to dismiss), Judges.

　　　　Angela Busta appeals the denial of her motion to dismiss for failure to timely serve process. **REVERSED AND REMANDED WITH DIRECTIONS.**

　　　　Brian L. Yung of Klass Law Firm, L.L.P., Sioux City, for appellant.

　　　　Richard S. Piscopo Jr. of Yunek Law Firm, P.L.C., Mason City, for appellees.

　　　　Considered by Danilson, C.J., and Doyle and Tabor, JJ.

**DOYLE, J.**

The district court found good cause for plaintiffs Thomas and Susan Joneses' untimely service of process. On appeal, defendant Angela Busta takes issue with this determination. Finding merit in Busta's arguments, we reverse and remand for dismissal of the action.

### I. Background Facts and Proceedings.

On August 20, 2013, Thomas and Susan Jones filed a petition at law and jury demand against Angela Busta seeking recovery for personal injury damages.[1] The petition alleges that on August 21, 2011, the Joneses were injured in a motor vehicle collision negligently caused by Busta.

Ninety-three days after the petition was filed, the district court, sua sponte, entered an "Order Regarding Dismissal." The order states:

> On this 21st day of November, 2013, the above-entitled matter is presented to the court for attention. A review of the file reflects that there is no return of service or acceptance of service on file. Iowa Rule of Civil Procedure 1.302(5) provides that if service is not made within ninety days after filing the petition, the court, after notice to the party filing the petition, shall dismiss the action without prejudice. Accordingly, the court concludes that if an application for extension of time and order granting the same is not filed within thirty days from the filing of this order, the action shall be deemed dismissed by the Clerk without further action by the court.
>
> . . . .
> **IT IS THEREFORE ORDERED** that if an application for extension of time and order granting the same is not filed with the Clerk of Court within thirty days from the date of filing of this order, the petition shall be deemed dismissed, without further action by the court, with court costs assessed to the plaintiff. If an application for extension of time and order granting the same is filed, the Clerk shall notify the presiding judge for further appropriate action.

_____

[1] The Joneses' petition also named as a defendant State Farm Insurance Company, the Joneses' underinsured motorist coverage provider. However, the Joneses have since dismissed with prejudice the insurance company from their lawsuit.

In response to the order, the Joneses filed a motion for extension of time to serve Busta. In their motion, the Joneses acknowledge that pursuant to Iowa Rule of Civil Procedure 1.302(5) they had ninety days, or until November 18, 2013, to serve the original notice upon Busta. They asserted that "[d]ue to an omission from a manual calendar system to an electronic calendar system the deadline was inadvertently removed from the electronic calendaring system and was only realized upon receiving notice from the court." On December 2, 2013, the district court granted the motion after "having reviewed the file, the relief requested, being otherwise duly advised in the premises, and for good cause." The Joneses were given a thirty-day extension, through and including December 20, 2013, to serve Busta.

On December 4, 2013, the Joneses' counsel sent the original notice and petition to the county sheriff for service upon Busta, requesting service be made "as soon as possible." The sheriff's office received the papers the next day, December 5, but did not serve Busta until January 4, 2014. The return of service was filed on January 22.

On January 24, 2014, Busta filed a limited appearance and motion to dismiss, asserting she had not been timely served pursuant to rule 1.302(5). On January 30, the Joneses filed their resistance and also filed a motion for extension of time to serve Busta. Following an unreported hearing, the district court entered its order denying Busta's motion to dismiss and granting the Joneses up to and through January 14, 2014 to achieve service, though it noted that final service was achieved on January 4, 2014.

Busta subsequently filed an application for interlocutory appeal. No response was filed by the Joneses. On June 10, 2014, the Iowa Supreme Court granted Busta's application for interlocutory appeal. The appeal was transferred to this court on November 19, 2014.

## II. Scope and Standards of Review.

We review a district court's ruling on a motion to dismiss for correction of legal error. *Rucker v. Taylor*, 828 N.W.2d 595, 598 (Iowa 2013). While case pleadings ordinarily form the outer boundaries of material to be evaluated in a motion to dismiss, when the motion is based on failure to provide timely service, a court may consider facts outside the pleadings. *Id.* at 598-99. So long as the district court's findings of fact are supported by substantial evidence, they are binding on appeal. *Id.* at 599 (differentiating the court's fact-findings from legal conclusions or application of legal principles, which are not binding on review).

## III. Discussion.

Iowa Rule of Civil Procedure 1.302(5) provides both the ninety-day service deadline and the manner in which it may be extended:

> If service of the original notice is not made upon the defendant . . . within [ninety] days after filing the petition, the court, upon motion or its own initiative after notice to the party filing the petition, shall dismiss the action without prejudice as to that defendant . . . or direct an alternate time or manner of service. If the party filing the papers shows good cause for the failure of service, the court shall extend the time for service for an appropriate period.

This rule's predecessor, Iowa Rule of Civil Procedure 49(f), was interpreted by the Iowa Supreme Court in *Meier v. Senecaut,* 641 N.W.2d 532, 541-42 (Iowa 2002). There, the court determined the rule permitted a district court to take any

one of three actions once service had not been accomplished within ninety days from the filing of the petition: (1) dismiss the petition without prejudice, (2) impose alternative directions for service, or (3) grant an extension of time to complete service. *Meier*, 641 N.W.2d at 541.

The last option, granting an extension of time, requires a showing of "good cause." Iowa R. Civ. P. 1.302(5); *Crall v. Davis*, 714 N.W.2d 616, 619-20 (Iowa 2006). To show "good cause,"

> the plaintiff must have taken some affirmative action to effectuate service of process upon the defendant or have been prohibited, through no fault of his or her own, from taking such an affirmative action. Inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service have generally been deemed insufficient to show good cause.

*Crall*, 714 N.W.2d at 620 (internal citations, alterations, and quotation marks omitted).

Busta challenges all three orders entered by the district court: the November 21, 2013 order regarding dismissal; the December 2, 2013 order granting the Joneses' motion for extension of time to serve Busta; and the March 19, 2014 order denying Busta's motion to dismiss and granting the Joneses an extension of time to achieve service. Here, there is no dispute that Busta was not served within the ninety-day deadline. There is also no dispute that the Joneses did not seek an extension of time to complete service until after the ninety-day period for service had expired. Busta argues the Joneses' failure to perfect service within ninety days as required by the Iowa Rules of Civil Procedure and show they had good cause to request an extension required dismissal of their action. We address her arguments in turn.

We begin with the court's sua sponte order of November 21, 2013, filed three days after the ninety-day window for achieving service closed. No return of service was in the court file. On the court's own motion, the court entered an order indicating the suit would be dismissed within thirty days of the date of the order unless the Joneses made an application for extension of time which was approved by the court. Such orders alerting counsel for the need to expedite service, and similar notices from court administrators and case coordinators, are not uncommon.[2] And a fair reading of the order leads to the conclusion that the court did not give the Joneses a deadline for service, but instead gave them a deadline to apply for an extension pursuant to rule 1.302(5). The order did not, nor could it, contain a specific finding of good cause for exceeding the ninety-day limit to effectuate service. The order itself does not furnish good cause for the delay in service of process.

We next look at the court's December 2, 2013 order granting the Joneses an extension of time to serve Busta. Having been alerted by the order to expedite service, the Joneses' counsel filed a motion to extend time to serve. In that motion, counsel claimed: "Due to an omission from a manual calendar system to an electronic calendar system the deadline was inadvertently removed from the electronic calendar system and was only realized upon receiving notice from the Court." Responding to the motion, the court granted the Joneses an

---

[2] If there is any doubt as to whether or not service will be accomplished before the deadline, the preferable practice is for counsel to apply to the court for an extension, rather than rely on a tickler from the court or court administration. *See Crall*, 714 N.W.2d at 621-22 (stating motion for extension of time for service "was not merely preferable, but required"); *Meier*, 641 N.W.2d at 543 ("We emphasize [rule 1.302(5)] requires service within ninety days and requires the plaintiff to take affirmative action to obtain an extension or directions from the court if service cannot be accomplished.").

extension of time to effect service. Although the extension was granted "for good cause," the court's order is problematic because the Joneses' motion did not make the requisite showing of good cause. As stated above, to satisfy the good cause standard, a plaintiff must have made some affirmative act to effectuate service on the defendant, or was prohibited, through no fault of the plaintiff, for making an affirmative act. *Meier*, 641 N.W.2d at 542; *Crall*, 714 N.W.2d at 620. Here, the Joneses' motion makes no showing, and does not even claim, that service had been attempted prior to expiration of the ninety-day deadline. The Joneses' motion makes no showing, and does not claim, that the Joneses were prohibited, through no fault of their own, from attempting to serve Busta before the deadline expired. It is apparent from the record before us that the Joneses did nothing to initiate service upon Busta until being prompted to do so by the court after the deadline had passed. Having made no affirmative act to effectuate service, the Joneses' stated reason for failing to effectuate service cannot meet the "some affirmative action" test. *Crall*, 714 N.W.2d at 620. Without the requisite good-cause showing, the district court erred in its December 2, 2013 order granting the Joneses an extension of time to serve Busta. The action should have been dismissed for the Joneses failure to comply with rule 1.302(5).

Finally, we examine the court's March 19, 2014 order granting the Joneses an additional extension of time to serve Busta and denying Busta's motion to dismiss. Once served, Busta filed a motion to dismiss asserting she was not timely served. As discussed above, she was not served within the ninety-day period pursuant to rule 1.302(5). Furthermore, she was not served by

the extended deadline granted by the court's December 2, 2013 order. The Joneses filed a resistance and a motion for extension of time to serve Busta. A judge, other than the one who entered the December order, considered the motions, stating "[w]hether this court agrees or not, the court which reviewed the [December 2, 2013] extension [request] found that there was good cause for the delay in service, and an order was entered granting the [Joneses] through and including December 20, 2013 to serve [Busta]." In light of our disposition, we need not address whether the court erred in failing to reverse the erroneous December 2 ruling.[3]

"Since the order of December 2, 2013, contained a finding of good cause," the court examined the Joneses' further request for an extension which would encompass the actual date of service. The court concluded the Joneses acted promptly after receiving the December 2, 2013 order, but due to a snafu in the sheriff's office, and through no fault of the Joneses, service was not accomplished until January 4, 2014. Finding that the Joneses made the requisite good-faith showing, the court granted their motion for extension of time to give them to and through January 14, 2014 to achieve service of notice (noting that final service was achieved on January 4, 2014). Again, in light of our disposition, we need not address whether or not the court erred in granting the Joneses' motion for an additional extension of time to serve Busta.

The court also denied Busta's motion to dismiss in its March 19, 2014 order. For the reasons previously discussed, the court erred in its December 2,

---

[3] Until the court has rendered a final order or decree, "it has the power to correct any of the rulings . . . it has entered." *Carroll v. Martir*, 610 N.W.2d 850, 857 (Iowa 2000).

2013 order granting the Joneses an extension of time to serve. For those same reasons, the court erred in failing to grant Busta's motion to dismiss.

**IV. Conclusion.**

Because the district court erred in failing to grant Busta's motion to dismiss, we reverse the district court's ruling and remand for an order dismissing the petition.

**REVERSED AND REMANDED WITH DIRECTIONS.**