# IN THE COURT OF APPEALS OF IOWA

No. 17-0095
Filed February 21, 2018

**SCOTT RICHARDSON,**
     Plaintiff-Appellant,

**vs.**

**MICHAEL LUNDBERG,**
     Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Webster County, Thomas J. Bice,

Judge.

        A plaintiff appeals the district court's order dismissing his action for failure

to timely serve the defendant with the original notice and petition.  **AFFIRMED.**

        Ernest M. Kersten, Fort Dodge, for appellant.

        Joel T.S. Greer and Christopher R. Wertzberger of Cartwright, Druker &

Ryden, Marshalltown, for appellee.

        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, Presiding Judge.**

Scott Richardson contends he was bitten by a dog owned by his brother-in-law, Michael Lundberg, on July 24, 2014. On July 22, 2016, Richardson filed a petition, seeking compensation for his injuries. The petition was served on Lundberg on October 31, 2016, eleven days beyond the ninety-day deadline for service delineated in Iowa Rule of Civil Procedure 1.302(5). Lundberg filed a pre-answer motion to dismiss. Richardson resisted the motion to dismiss, asserting the defendant's "actual notice" of the lawsuit was good cause that justified the delay in service. He claimed the petition was faxed to Lundberg's insurer on July 25, 2016, and Lundberg told Richardson's counsel that same day he had received a copy of the petition and original notice.[1] After a hearing, the district court granted Lundberg's motion and dismissed the action without prejudice.

In this appeal, Richardson asserts he has shown good cause for the delay. Because the record shows Richardson took no affirmative action to effectuate service upon Lundberg within the prescribed time, *see Crall v. Davis*, 714 N.W.2d 616, 620–61 (Iowa 2006) (outlining what is required to show good cause for the failure of service under Iowa R. Civ. P. 1.302(5)), we affirm the district court's dismissal pursuant to Iowa Court Rule 21.26(1)(a), (c), (d), and (e).

**AFFIRMED.**

---

[1] Richardson contends in his appellate brief that "[t]he original notice and copy of the original petition were left at [Lundberg's] home in July 2016." No citation to the record supports this assertion, and we find no support in the record. We thus disregard this statement. In addition, even if we were to accept this statement as true, simply leaving the original notice and petition at the home of an opposing party is not sufficient for service under the rules. *See* Iowa R. Civ. P. 1.305(1).