# IN THE COURT OF APPEALS OF IOWA

No. 17-1630
Filed August 1, 2018

**TRACIE PRIER,**
     Plaintiff-Appellant,

**vs.**

**MARY BILLHYMER,**
     Defendant-Appellee.
_____

Appeal from the Iowa District Court for Johnson County, Paul D. Miller,
Judge.

Plaintiff appeals the district court decision dismissing her action for failure
to timely serve notice on defendant. **AFFIRMED.**

Siobhan Briley of Pugh Hagan Prahm, P.L.C., Coralville, for appellant.

Allison R. Abbott of Elverson, Vasey & Abbott, L.L.P., Des Moines, for
appellee.

Considered by Potterfield, P.J., Tabor, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**SCOTT, Senior Judge.**

Tracie Prier appeals the district court decision dismissing her action for failure to timely serve notice on Mary Billhymer. Prier did not serve Billhymer with notice of the lawsuit within ninety days after the petition was filed and did not file a motion for an extension of time to serve notice. We conclude Prier has not shown good cause for the delay in serving Billhymer. We affirm the district court's decision dismissing the action.

## I.     Background Facts & Proceedings

Prier and Billhymer were involved in a motor vehicle accident on May 20, 2015, in Iowa City. Prier filed a tort action against Billhymer on May 19, 2017. Prier did not serve Billhymer with notice of the lawsuit within ninety days, which was August 17, 2017, and did not file a motion requesting additional time to serve notice.

On August 21, 2017, at 12:57 p.m., Billhymer filed a motion to dismiss, claiming she was not served notice within ninety days, as required by Iowa Rule of Civil Procedure 1.302(5). Prier resisted the motion, claiming there was good cause for the delay. She stated she had been informed Jon Vasey was Billhymer's attorney and attempted to serve him on August 14, 2017, but he stated "I have no authority to accept service on behalf of Mary Billhymer."[1] On August 15, Prier arranged for the Davis County Sheriff's Department to serve Billhymer but it was unable to locate her. Prier contacted a private process server on August 21, who completed service that day at 8:10 p.m.

---

[1] Billhymer was represented in the district court and in this appeal by a different attorney in the same law firm as Vasey.

After a hearing, the district court granted the motion to dismiss. The court stated:

> Service was not made on Defendant until ninety-four days after the Petition was filed. As Plaintiff's counsel acknowledged at the time of hearing, when she became aware that timely service was potentially going to be a problem, she should have filed a request for additional time to serve Defendant. Plaintiff never took the affirmative action of filing a request for additional time to serve Defendant. Additionally, Plaintiff simply has failed to establish any good cause for her failure to effect service on Defendant within ninety days of the filing of the Petition.

The court also stated, "the failure in timely service was due to Plaintiff's counsel inadvertence, neglect, and/or misunderstanding and ignorance of Rule 1.302(5) and its burden." Prier appeals the district court's decision.

## II. Standard of Review

"Generally, our review on a motion to dismiss is for correction of errors at law." *Godfrey v. State*, 898 N.W.2d 844, 847 (Iowa 2017). In a motion to dismiss for delay in service, the court may consider matters outside the pleadings. *Crall v. Davis*, 714 N.W.2d 616, 619 (Iowa 2006). We are bound by the district court's factual findings when they are supported by substantial evidence. *Wilson v. Ribbens*, 678 N.W.2d 417, 418 (Iowa 2004). "Evidence is substantial if 'a reasonable mind would accept it as adequate to reach a conclusion.'" *Crall*, 714 N.W.2d at 619 (citation omitted).

## III. Discussion

Prier claims the district court erred in dismissing her petition for failure to timely serve notice on Billhymer. She points out the delay in serving Billhymer was only four days. She also claims there was good cause for the delay—Vasey would not accept service on behalf of Billhymer and the Sheriff's Department was

unreliable. Prier states she took affirmative action to serve Billhymer prior to the expiration of the ninety-day period. She asserts she did not file a motion to extend the time to serve notice because she was taking active steps to serve Billhymer within the ninety-day timeframe. She claims it is inequitable to dismiss her petition.

Rule 1.302(5) provides:

> If service of the original notice is not made upon the defendant, respondent, or other party to be served within 90 days after filing the petition, the court, upon motion or its own initiative after notice to the party filing the petition, shall dismiss the action without prejudice as to that defendant, respondent, or other party to be served or direct an alternate time or manner of service. If the party filing the papers shows good cause for the failure of service, the court shall extend the time for service for an appropriate period.

Rule 1.302(5) "enables a defendant who has been served beyond the ninety-day period, in the absence of an order for an extension, to move to dismiss the petition based on unjustified delay in completing service of process." *Meier v. Senecaut*, 641 N.W.2d 532, 542 (Iowa 2002). Under the rule, service after ninety days is considered to be presumptively abusive. *Id.*

If a defendant has been served notice more than ninety days after the petition was filed, the case will be dismissed unless the plaintiff shows good cause for the delay. *Crall*, 714 N.W.2d at 620. The Iowa Supreme Court has stated "good cause" means:

> [T]he plaintiff must have taken some affirmative action to effectuate service of process upon the defendant or have been prohibited, through no fault of his [or her] own, from taking such an affirmative action. Inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service have generally been waived as insufficient to show good cause. Moreover, intentional nonservice in order to delay the development of a civil action or to allow time for additional information to be gathered prior to "activating" the lawsuit has been held to fall short of [good cause].

*Henry v. Shober*, 566 N.W.2d 190, 192–93 (Iowa 1997) (citation omitted); *see also Rucker v. Taylor*, 828 N.W.2d 595, 599-600 (Iowa 2013).  Additionally, the court has stated:

> [G]ood cause is likely (but not always) to be found when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances . . . .

*Wilson*, 678 N.W.2d at 421 (ellipsis in original) (citation omitted).

Prier filed her petition on May 19, 2017, and did not attempt service until August 14, 2017, when she attempted to serve Vasey, who was not authorized to accept service on behalf of Billhymer.  The ninety-day period was set to expire on August 17, 2017, and knowing she had not yet served Billhymer, Prier should have filed a motion seeking to extend the time for service.  *See Meier*, 641 N.W.2d at 543 (finding rule 1.302(5) "requires service within ninety days and requires the plaintiff to take affirmative action to obtain an extension or directions from the court if service cannot be accomplished").  "[I]f there were any question as to whether service could be accomplished," a plaintiff is required "to apply to the Court for an extension of time for service."  *Crall*, 714 N.W.2d at 622.

Prier did not serve Billhymer with notice of the lawsuit against her within ninety days after the petition was filed and did not file a motion for an extension of time to serve notice.  We conclude Prier has not shown good cause for the delay in serving Billhymer.  We affirm the district court's decision dismissing the action.

**AFFIRMED.**