# IN THE COURT OF APPEALS OF IOWA

No. 18-1706
Filed July 24, 2019

**LARRY J. HOOVER,**
　　　　Plaintiff-Appellant,

**vs.**

**ANDREW B. REED,**
　　　　Defendant-Appellee.
_____

　　　　Appeal from the Iowa District Court for Webster County, Thomas J. Bice, Judge.


　　　　Larry Hoover appeals the dismissal of his civil petition on untimely-service grounds. **AFFIRMED.**



　　　　Jerry L. Schnurr III of Schnurr Law Firm, P.C., Fort Dodge, for appellant.

　　　　Alex E. Grasso of Hopkins & Huebner, P.C., Des Moines, for appellee.


　　　　Considered by Tabor, P.J., and Mullins and May, JJ.

**MULLINS, Judge.**

Larry Hoover filed his civil petition against Andrew Reed on June 4, 2018. Pursuant to Iowa Rule of Civil Procedure 1.302(5), the deadline for service on Reed was September 4.[1] Hoover mailed the original notice, petition, and directions for service to the sheriff's office on Friday, August 31 via United States mail. The sheriff's office received the same on September 6, and Reed was personally served the same day. Reed filed a pre-answer motion to dismiss on untimely-service grounds. *See* Iowa Rs. Civ. P. 1.302(5), .421(1). Hoover resisted, arguing "good cause exists for an extension" of the service deadline. Following an unreported hearing, the district court granted Reed's motion to dismiss, concluding Hoover failed to establish good cause. Hoover filed a motion to reconsider. Attached to the motion to reconsider was an affidavit by a postmaster stating the materials should have been delivered to the sheriff on September 3 or 4, and they "should not have been delivered as late as September 6 unless there was a technical error by United States Post Office redirecting the letter to the wrong place which would require manual handling of the letter and thus the delay." The court denied the motion to reconsider and this appeal followed.

Appellate review of a district court ruling on a motion to dismiss is for legal error. *Venckus v. City of Iowa City*, ___ N.W.2d ___, ___, 2019 WL 2710807, at *1 (Iowa 2019); *UE Local 893/IUP v. State*, 928 N.W.2d 51, 59 (Iowa 2019).

---

[1] The ninety days ran on September 2. *See generally* Iowa Code § 4.1(34) (2018); Iowa R. Civ. P. 1.1801. That day, however, was a Sunday. The time for service therefore extended to Monday, September 3. *See* Iowa Code § 4.1(34). However, where, as here, such a deadline falls on the first Monday in September (Labor Day), the deadline is extended to include the following day, here September 4.

Where, as here, the grounds for the motion are based on an alleged failure to provide timely service, we are permitted to consider facts outside the pleadings. *Rucker v. Taylor*, 828 N.W.2d 595, 598–99 (Iowa 2013).

On appeal, Hoover argues the court erred in granting Reed's motion to dismiss because good cause existed to excuse the delay in service. Rule 1.302(5) provides:

> If service of the original notice is not made upon the defendant . . . within 90 days after filing the petition, the court, upon motion or its own initiative after notice to the party filing the petition, shall dismiss the action without prejudice as to that defendant . . . or direct an alternate time or manner of service. If the party filing the papers shows good cause for the failure of service, the court shall extend the time for service for an appropriate period.

The general rule is a "plaintiff must have taken some affirmative action to effectuate service of process upon the defendant or have been prohibited, through no fault of his [or her] own, from taking such an affirmative action" and "dismissal for failing to timely accomplish service of process is appropriate when the failure results from "[i]nadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-baked attempts at service." *Id.* at 599, 601 (alterations in original) (citations and internal quotation marks omitted). "[G]ood cause is likely (but not always) to be found when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person . . . ." *Id.* at 600 (alteration in original) (quoting *Wilson v. Ribbens*, 678 N.W.2d 417, 421 (Iowa 2004)).

On appeal, Hoover generally argues that good cause exists to excuse the delinquency because "the delay in service was caused by an error with the U.S. Postal Service." First, service was not timely made and there was no order extending the time for service; as such, the delay was presumptively abusive. *See*

*Crall v. Davis*, 714 N.W.2d 616, 620 (Iowa 2006). While we agree that Hoover took an affirmative step to effectuate service, he did so on the eve of a three-day, nationally-celebrated holiday weekend. In order for timely service to be had, the path from the mail receptacle to Alexander would have had to have been seamless. We share Reed's curiosity as to the reasoning underlying Hoover's inaction during the prior eighty-eight days. Under the circumstances, we conclude it was the result of inadvertence or neglect. *See Rucker*, 828 N.W.2d at 601. In the end, "rule 1.302(5) 'requires service within ninety days and requires the plaintiff to take affirmative action to obtain an extension or directions from the court if service cannot be accomplished.'" *Crall*, 714 N.W.2d at 621 (quoting *Meier v. Senecaut*, 641 N.W.2d 532, 543 (Iowa 2002)). Hoover did neither. Further, while Hoover places all fault on the postal service, we are unable to say the evidence in the record that the postal service erred is substantial. *See id.* (concluding good-cause finding was unsupported by substantial evidence). The postmaster's affidavit simply stated the service materials "should not have been delivered" late unless there was some sort of "technical error" along the way requiring "manual handling of the letter." The affidavit is wholly silent as to whom the technical error was attributable. Further, there is no evidence the Sheriff would have been able to accomplish service by the deadline. We conclude Hoover has failed to establish good cause for the delay. We affirm the dismissal of Hoover's petition.

**AFFIRMED.**