# IN THE COURT OF APPEALS OF IOWA

No. 21-0948
Filed April 27, 2022

**EDWIN STEINER and ANNE GRADY,**
　　Plaintiffs-Appellants,

**vs.**

**REBECCA MOYER,**
　　Defendant-Appellee.
_____

Appeal from the Iowa District Court for Linn County, Mary E. Chicchelly, Judge.

The plaintiffs appeal a summary judgment ruling dismissing their petition for failure to timely serve the defendant.  **AFFIRMED.**

Thomas J. Currie of Currie & Liabo Law Firm, P.L.C., Cedar Rapids, for appellants.

Joshua R. Strief of Elverson Vasey, Des Moines, for appellee.

Considered by Schumacher, P.J., Badding, J., and Carr, S.J.*  Chicchelly, J., takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**BADDING, Judge.**

Edwin Steiner and Anne Grady were involved in a car accident with Rebecca Moyer on August 4, 2018. Almost two years later—on August 3, 2020— they filed a petition against Moyer, seeking damages for injuries they allegedly sustained in the accident. One hundred and eighty-seven days passed before Moyer was served with notice of the petition. Once served, Moyer filed a motion for summary judgment, arguing the petition should be dismissed pursuant to Iowa Rule of Civil Procedure 1.302(5) because she was not served within ninety days after the petition was filed.

The district court granted Moyer's motion and dismissed the petition. Steiner and Grady appeal, blaming the delay in service in part on the COVID-19 pandemic, which they characterize as "a chaotic event" that "rocked the judicial system to its core." We find that excuse, and the others made by Steiner and Grady, to ring hollow. As a result, we affirm the district court's ruling.[1]

## I.    Discussion

Iowa Rule of Civil Procedure 1.302(1) requires that a "party against whom an action has been filed shall be served" with notice of the claims raised, detailing specific forms and manners for service. But,

> [i]f service of the original notice is not made upon the defendant, respondent, or other party to be served within 90 days after filing the petition, the court, upon motion or its own initiative after notice to the party filing the petition, shall dismiss the action without prejudice as to that defendant, respondent, or other party to be

---

[1] Our review of the court's summary judgment ruling is for correction of errors at law. *Wermerskirchen v. Canadian Nat'l R.R.*, 955 N.W.2d 822, 827 (Iowa 2021). Viewing the evidence in the light most favorable to the nonmoving party, we ask whether the movant has proven no genuine issue of material fact exists. *Susie v. Family Health Care of Siouxland, P.L.C.*, 942 N.W.2d 333, 336–37 (Iowa 2020).

served or direct an alternate time or manner of service. If the party filing the papers shows good cause for the failure of service, the court shall extend the time for service for an appropriate period.

Iowa R. Civ. P. 1.302(5).

"Good cause" requires a plaintiff to have taken some

affirmative action to effectuate service of process upon the defendant or has been prohibited, through no fault of her own, from taking such an affirmative action. Inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service have generally been waived as insufficient to show good cause.

*Palmer v. Hofman*, 745 N.W.2d 745, 747 (Iowa 2008) (quoting *Crall v. Davis*, 714 N.W.2d 616, 619 (Iowa 2006)). If the plaintiff's affirmative action to serve a defendant as required in rule 1.302 is thwarted due to "the conduct of a third person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances," a court may find good cause exists. *Id.* (quoting *Crall*, 714 N.W.2d at 620).

Steiner and Grady argue that good cause for extension of the ninety-day service period existed because substantial efforts at service were made, Moyer evaded service, and the COVID-19 pandemic "decimated, and practically paralyzed" counsel's office. They also raise an equitable estoppel argument related to Moyer's alleged evasion of service.

Turning to the first excuse, our review of the record shows that on September 24, 2020, Steiner and Grady filed a "diligent search return" indicating service attempts were made on Moyer at two different addresses. After learning that Moyer did not live at the first address, the process server tried to serve her at a different location six times between August 9 and September 9 but noted she

would not answer the door. Nothing further happened in the case until November 3 when the district court entered an order notifying Steiner and Grady the case would "be dismissed without prejudice on December 3, 2020," unless they showed good cause for the failure of service, in which case the court would extend the time for service. That date passed by with no response from Steiner and Grady. So on December 4, the court filed an order dismissing the case without prejudice.

The dismissal order finally prompted a response from Steiner and Grady later the same day. They sought an order from the court reinstating the case and extending the deadline to serve Moyer. The court granted their motion on December 7, reinstating the case and extending the service deadline to February 2, 2021. After a second extension was sought and granted,[2] Moyer was finally served on February 6 at the same address where the six service attempts were made in August and September 2020. An affidavit from the successful process server shows that service attempts were not reinitiated until February 3, 2021. Steiner and Grady did not show that any attempts were made to serve Moyer between September 9, 2020, and February 3, 2021. *See Crall*, 714 N.W.2d at 621

---

[2] Steiner and Grady rely on this extension order, as well as the order reinstating the case and granting them additional time to serve Moyer, in arguing that "dismissing the case when [they] were acting within the scope and time allowed and ordered by the District Court would cause an erosion of faith in the judicial system." But our cases are clear that the district court maintains the authority to revisit its "earlier determination that justification existed for the delay of service," particularly where, as here, "the initial ruling is made ex parte." *Carroll v. Martir*, 610 N.W.2d 850, 857 (Iowa 2000) ("Simply put, it would seem appropriate for a court to revisit a prior ex parte ruling once all the relevant parties are before it."). Thus, the fact the petition was reinstated did not, as Steiner and Grady argue, preclude the court from correcting that order prior to the entry of a final judgment. *Id.*; *see also Larson v. Stech*, No. 20-1377, 2021 WL 2135169, at *2 (Iowa Ct. App. May 26, 2021). As a result, we do not find it necessary to reach Moyer's argument regarding the propriety of that reinstatement order.

(discussing unexplained lapse of time when no service attempts were made in good-cause analysis); *accord Meier v. Senecaut*, 641 N.W.2d 532, 542-43 (Iowa 2002).

Steiner and Grady attempt to justify the delay in serving Moyer by asserting she evaded service. But even assuming that was true when the initial service attempts were made in August and September 2020, we cannot find Moyer evaded service during the extended period following those attempts when *no* efforts were made to serve Moyer. For the same reason, we reject Steiner and Grady's reliance on the doctrine of equitable estoppel.[3]

This leaves Steiner and Grady with their COVID-19 excuse, which they did not raise in any of their service-extension requests. *See Larson*, 2021 WL 2135169, at *3 (rejecting plaintiff's good-cause argument based on COVID-19 when it was not raised by plaintiff in his motion to extend the service deadline). They assert their attorney's office was "decimated, and practically paralyzed" when staff members were in quarantine. Beginning on October 16, 2020, and continuing through the end of November, at least one member of their attorney's staff was absent due to COVID-19. Staggered shifts were implemented on November 16 to reduce spread of the virus. But counsel had more than one month between the

---

[3] "Equitable estoppel is a common-law affirmative defense 'preventing one party who has made certain representations from taking unfair advantage of another when the party making the representations changes its position to the prejudice of the party who relied upon the representations.'" *Markey v. Carney*, 705 N.W.2d 13, 21 (Iowa 2005) (quoting *ABC Disposal Sys., Inc. v. Dep't of Nat. Res.*, 681 N.W.2d 596, 606 (Iowa 2004)). Other than Moyer telling the service processor on February 6, 2021, that he had the wrong person, Steiner and Grady do not point to any representations or acts by Moyer between then and September 2020 that would have caused them to stop their service efforts.

last attempt at service and the first time his staff was affected by the COVID-19 virus on October 16 to continue service efforts. Even after counsel's support staff was functioning at diminished capacity, there is no allegation that the office was without staff entirely or that counsel could not file the motion without a paralegal. Instead, counsel's own request for reinstatement indicated that an application for extension was created but inadvertently never filed. *See Palmer*, 745 N.W.2d at 747 (stating inadvertence or neglect is not good cause). And while the Iowa Supreme Court did relax the deadlines for service of original notices early on in the pandemic,[4] the supervisory orders in effect during the relevant time period in this case did not contain similar extensions.[5] Under the facts of this case, we find the COVID-19 pandemic was not good cause for the failure to timely serve Moyer.

---

[4] *See In the Matter of Ongoing Provisions for Coronavirus/COVID-19 Impact on Court Services* (Mar. 31, 2020) ("[W]here the deadline for the original notice falls between March 23, 2020, and April 26, 2020, the serving party is granted through May 18, 2020, to complete service. . . ."); *In the Matter of Ongoing Provisions For Coronavirus/COVID-19 Impact On Court Services* (Apr. 2, 2020) ("[I]f the deadline for the original notice falls between March 23, 2020, and June 15, 2020, the serving party is granted through June 15, 2020 to complete service."); *In the Matter of Ongoing Provisions for Coronavirus/COVID-19 Impact on Court Services* (May 22, 2020) ("[I]f the deadline for the original notice falls between March 23, 2020, and July 13, 2020, the serving party is granted through July 13, 2020, to complete service.").

[5] In a November 10, 2020 supervisory order, our supreme court stated it was "evaluating forthcoming deadlines from prior COVID-19 related orders and will continue to monitor circumstances and update this order as necessary." *See In the Matter of Ongoing Provisions for Coronavirus/COVID-19 Impact on Court Services* (Nov. 10, 2020). The next supervisory order from the supreme court did not contain any extension of the deadlines for service of original notices. *See In the Matter of Ongoing Provisions for Coronavirus/COVID-19 Impact on Court Services* (Nov. 24, 2020) (amended on Nov. 30, 2020).

## *II.    Conclusion*

In sum, we conclude the district court provided a thorough analysis of the facts and applicable legal principles sufficient for this court to conclude that no genuine issue of material fact existed and summary judgment was appropriate. Finding no legal error, we affirm.

**AFFIRMED.**