# IN THE COURT OF APPEALS OF IOWA

No. 24-1621
Filed August 20, 2025

**KELSEY ANNE LITTLETON,**
    Plaintiff-Appellee,

**vs.**

**TYLER ANDREW HANSEN,**
    Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Brendan Greiner,

Judge.

        Tyler Hansen appeals from the district court's order affirming the small-

claims court's entry of a money judgment against him.  **REVERSED AND**

**REMANDED.**

        Tyler Andrew Hansen, Claymont, Delaware, self-represented appellant.

        Kelsey Littleton, Altoona, self-represented appellee.

        Considered without oral argument by Ahlers, P.J., and Badding and

Buller, JJ.

**AHLERS, Presiding Judge.**

This appeal calls for us to assess the timeliness of efforts to serve a defendant with original notice.

**I.    Background Facts and Procedural History**

On October 27, 2023, Kelsey Littleton filed a petition seeking a money judgment against Tyler Hansen in small claims court.  She directed the clerk of court to serve Hansen via certified mail at an address in Arkansas.  On November 21, 2023, the mailing was returned to the court marked as unclaimed.

In early December 2023, Littleton hired a civil process server and again directed service to the Arkansas address.  The process server claimed to have attempted service multiple times and observed Hansen at his workplace on one occasion.  However, on January 19, 2024, Littleton instructed the process server to suspend further attempts due to the mounting service fees.  On January 26, 2024—one day after the ninety-day deadline for service of original notice imposed by Iowa Rule of Civil Procedure 1.302(5) expired—Littleton filed an affidavit signed by the process server detailing the efforts at service.

On March 14, Littleton filed a request for default judgment.  In that request, she detailed the aforementioned attempts to serve Hansen.  In response, the magistrate issued an order acknowledging insufficient service and scheduled the matter for review on May 31.  The order stated, "If a proper return of service is not in the court file at that time, the case will be dismissed without prejudice."

On April 4, a deputy sheriff in Arkansas personally served Hansen with original notice.  On May 2, Hansen filed a motion to dismiss for failure to serve original notice in a timely manner.  The magistrate held a hearing on the motion on

the same day set for trial. The magistrate denied the motion, and the case proceeded to trial. The magistrate entered judgment in favor of Littleton. Hansen appealed to the district court, which affirmed the denial of his motion to dismiss.

Hansen filed an application for discretionary review to the supreme court. *See* Iowa Code § 631.16 (2024) (requiring appeals from small claims actions to proceed by discretionary review); Iowa Rs. Civ. P. 6.105, .106. The supreme court granted the application and transferred the appeal to our court.

On appeal, Hansen contends the district court erred in affirming the magistrate's denial of his motion to dismiss. He argues that Littleton failed to comply with rule 1.302(5) and that no good cause justified any extension of time to complete service.

## II. Standard of Review

We review a district court's ruling on a motion to dismiss for correction of errors at law. *Crall v. Davis*, 714 N.W.2d 616, 619 (Iowa 2006). When a motion is based on a delay in service, we are bound by the district court's findings if supported by substantial evidence. *Id.* Evidence is substantial if "a reasonable mind would accept it as adequate to reach a conclusion." *Id.* (quoting *Bus. Consulting Servs., Inc. v. Wicks*, 703 N.W.2d 427, 429 (Iowa 2005) (per curiam)).

## III. Discussion

Iowa Rule of Civil Procedure 1.302(5) provides:

> If service of the original notice is not made upon the defendant, respondent, or other party to be served within 90 days after filing the petition, the court, upon motion or its own initiative after notice to the party filing the petition, shall dismiss the action without prejudice as to that defendant, respondent, or other party to be served or direct an alternative time or manner of service. If the party

filing the papers shows good cause for failure of service, the court shall extend the time for service for an appropriate period.

This rule establishes a standard of presumptive abuse when service is not completed within ninety-days and shifts the burden to the plaintiff to demonstrate good cause for any delay beyond that period. *Crall*, 714 N.W.2d at 619–20. To establish good cause, the "plaintiff must have taken some affirmative action to effectuate service of process upon the defendant, or have been prohibited, through no fault of his . . . own, from taking such an affirmative action." *Meier v. Senecaut*, 641 N.W.2d 532, 542 (Iowa 2002) (quoting *Carroll v. Martir*, 610 N.W.2d 850, 858 (Iowa 2000)). "Inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service have generally been waived as insufficient to show good cause." *Id.* (quoting *Carroll*, 610 N.W.2d at 858).

The first dispute we need to address is whether the magistrate granted Littleton an extension. The dispute arises from the magistrate's order issued in response to Littleton's motion requesting a default judgment. That order, filed over a month after the ninety-day service deadline expired, stated: "If a proper return of service is not in the court file [by the review date set by the magistrate], the case will be dismissed without prejudice." It is unclear whether the magistrate intended this language to constitute an extension of the service period, or whether it merely conditioned the case proceeding on Littleton filing proof of valid and timely service. The district court appears to have interpreted the order as an extension and affirmed the denial of Hansen's motion to dismiss, finding that Littleton's multiple service attempts within the ninety-day period established good cause. We do not necessarily agree with the district court's interpretation of the magistrate's order,

as it says nothing about an extension or a finding of good cause. But, in the end, it doesn't matter. Even if we assume the magistrate's order granted an extension and assume there is an implied finding of good cause, such finding of good cause is not supported by substantial evidence.

As noted, after filing suit Littleton tried to serve Hansen by certified mail in Arkansas. When that mail was returned unclaimed, Littleton hired a process server in Arkansas who was unable to effectuate service. While these service efforts took place, Littleton corresponded successfully with Hansen by mail to an address in Delaware, including successfully sending certified mail to Hansen in Delaware in early December 2023 (well within the ninety-day service window). Despite knowing that Hansen was receiving mail in Delaware after she filed this suit, Littleton took no steps to try to have service effectuated in Delaware. Littleton's continued efforts at service in Arkansas without any service efforts in Delaware when she knew Hansen was in Delaware is a form of neglect that cuts against a finding of good cause to excuse late service.

Additionally and as to Littleton's efforts at service in Arkansas, Littleton admitted she called off the process server even though he reportedly saw Hansen in Arkansas. Calling off service efforts when a lead on the defendant's whereabouts has surfaced is another form of neglect or a half-hearted attempt at service, which cuts against a finding of good cause.

Finally, unexplained lapses in Littleton's efforts to obtain service during and after the ninety-day window cuts against a finding of good cause. After the certified mail to an address in Arkansas was returned, Littleton waited nearly two weeks to hire a process server. At that point, only forty-four days remained in the service

period. The process server continued attempts to locate Hansen until December 19, 2023, when Littleton told him to stop. Despite the failed service efforts, the record shows that Littleton took no steps to alert the magistrate of her difficulties or to request an extension at that time. Instead, she made no service efforts for over three months until she finally contacted an Arkansas sheriff's department and obtained service on April 4, 2024.[1]

Compliance with rule 1.302(5), "requires service within ninety days and requires the plaintiff to take affirmative action to obtain an extension or directions from the court if service cannot be accomplished." *Meier*, 641 N.W.2d at 543. Littleton did neither. While we do not discount that Littleton made efforts to serve Hansen during the ninety-day period—though she did so in Arkansas while successfully corresponding with Hansen by mail to an address in Delaware—such efforts do not automatically establish good cause. At no point before the ninety-day deadline did she seek additional time. Her eventual filing came seven weeks later and still contained no request for extension and no explanation for the significant lapse of time. *See Mokhtarian v. GTE Midwest Inc.*, 578 N.W.2d 666, 668–69 (Iowa 1998) (considering a lapse of time when no service attempts were made and no explanation given for the delay in the good cause analysis).

---

[1] From the time she called off the process server on December 19, 2023, until contacting the sheriff, who served Hansen on April 4, 2024, the only thing the record discloses Littleton doing is filing the Arkansas process server's affidavit of non-service and filing a motion for default judgment. In the motion for default judgment filed on March 14, 2024, Littleton admitted she had not served Hansen, and she made no allegations of any service efforts other than hiring the process server—the one she called off almost three months earlier.

Littleton's failure to take affirmative action to either ask for an extension from the court or to continue efforts to serve Hansen causes us to conclude that, to the extent the court impliedly made a finding of good cause for delayed service, substantial evidence does not support the finding of good cause.

## IV. Conclusion

For these reasons, we find that Littleton did not meet her burden to establish good cause and any findings by the court to the contrary are not supported by substantial evidence. Accordingly, we reverse and remand to the district court for an entry of order dismissing Littleton's cause of action. As directed by rule 1.302(5), such dismissal shall be without prejudice. *See Dismissal Without Prejudice (under Dismissal)*, Black's Law Dictionary (12th ed. 2024) ("A dismissal that does not bar the plaintiff from refiling the lawsuit within the limitations period.").

**REVERSED AND REMANDED.**