Becky PALMER, Plaintiff–Appellee

v.

Karin HOFMAN, Defendant–Appellant.

No. 07–0550.

Court of Appeals of Iowa.

Jan. 16, 2008.

Sharese Manker and Douglas L. Phillips of Klass Law Firm, LLP, Sioux City, for appellant.

Randall J. Shanks of Shanks Law Firm, Council Bluffs, for appellee.

Considered by VOGEL, P.J., and MAHAN and ZIMMER, JJ.

MAHAN, J.

Karin Hofman appeals the district court's ruling finding that good cause excused the delay of service of process upon her by Plaintiff Becky Palmer. Concluding the district court erred when it found good cause existed for the delay, we reverse and remand.

## I. Background Facts and Proceedings.

Palmer and Hofman were involved in a vehicle accident on May 26, 2004. Palmer filed suit on May 23, 2006, asserting a negligence claim against Hofman resulting in injuries and other damages to Palmer. Allied Mutual Insurance,[1] Palmer's underinsured motorist policy carrier, was also a named defendant. Two file-stamped copies of the original notice and one file-stamped copy of the petition and jury demand were sent on May 23, 2006, by Palmer's attorney's office to the Mills County Sheriff for service on Hofman. Service was not completed until January 25, 2007.

On February 7, 2007, Hofman filed a motion to dismiss the petition against her for delay of service past the ninety-day requirement of Iowa Rule of Civil Procedure 1.302(5). Palmer's attorney argued against the motion to dismiss on the basis that good cause existed to excuse the delay of service: His paralegal put in charge of preparing the petition and original notices, as well as filing and serving the documents, had not done so in a timely manner. The paralegal's last day of employment

with Palmer's attorney was before the dismissal hearing. Counsel asserted that the paralegal willfully withheld that service had not been completed on Hofman, going so far as to insist on opening mail in the office (allegedly to head off any documents in the case) and rescheduling the dismissal hearing, until after her departure from the firm, without counsel's knowledge. Counsel did not contend he actively inquired of the case and the paralegal continually deceived him as to its progress. In fact, he stated he had absolutely no knowledge that Hofman had not yet been served. The district court concluded the paralegal's inaction on the case constituted good cause to excuse the delay, and the motion to dismiss was overruled. Hofman applied for and was granted leave to file an interlocutory appeal on the issue on May 23, 2007.

## II. Scope and Standards of Review

■■■ We review motions to dismiss for correction of errors at law. Iowa R.App. P. 6.4; *Crall v. Davis,* 714 N.W.2d 616, 619 (Iowa 2006). When considering a motion to dismiss for delay of service, the district court's factual findings are binding if they are supported by substantial evidence. *Crall,* 714 N.W.2d at 619. Substantial evidence is evidence that "a reasonable mind would accept .... as adequate to reach a conclusion." *Id.* (quoting *Business Consulting Servs., Inc. v. Wicks,* 703 N.W.2d 427, 429 (Iowa 2005) (per curiam)).

## III. Existence of Good Cause to Excuse 247–Day Delay of Service.

Hofman asserts that good cause does not exist to excuse the delay of service. The district court did not make any specific factual findings, but stated:

---

1. Nationwide Mutual Insurance Company was later substituted for Allied by amended

petition filed November 27, 2006.

[H]aving reviewed the Resistance filed by the Plaintiff and heard arguments of Counsel, finds that good cause exists for the delay in service upon the Defendant Hofman. It is therefore ordered that the Defendant Karin Hofman's Motion to Dismiss is overruled.

Iowa Rule of Civil Procedure 1.302(5) states:

If service of the original notice is not made upon the defendant, respondent, or other party to be served within 90 days after filing the petition, the court, upon motion or its own initiative after notice to the party filing the petition, shall dismiss the action without prejudice as to that defendant, respondent, or other party to be served or direct an alternate time or manner of service. If the party filing the papers shows good cause for the failure of service, the court shall extend the time for service for an appropriate period.

■■■ Rule 1.302(5) "requires service within ninety days and requires *the plaintiff* to take affirmative action to obtain an extension or directions from the court if service cannot be accomplished." *Meier v. Senecaut,* 641 N.W.2d 532, 543 (Iowa 2002) (emphasis added). When there is no service within ninety days and no order extending the time for service, the delay is presumptively abusive. *Id.* at 542. Once a determination of good cause has been accepted or rejected, the district court has no discretion and is required to either extend the time for service for an appropriate period or dismiss the action without prejudice. *Id.* at 541–42. The sole issue before this court is whether substantial evidence supports the district court's conclusion that Palmer demonstrated good cause for the delay in service. *Id.*

■■■ Our good cause standard requires a showing by the plaintiff that she has:

[T]aken some affirmative action to effectuate service of process upon the defendant[s] or has been prohibited, through no fault of her own, from taking such an affirmative action. Inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service have generally been waived as insufficient to show good cause.

*Crall,* 714 N.W.2d at 619. In defining good cause, our supreme court has further stated:

[G]ood cause is likely (but not always) to be found when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances.

*Id.* at 620 (quoting *Wilson v. Ribbens,* 678 N.W.2d 417, 421 (Iowa 2004)). A plaintiff is required to act diligently in trying to effect service. *See id.* at 621 (discussing that a plaintiff must be diligent in attempting to serve the defendants and a court may consider a lapse of time between service attempts with no explanation for the delay within the ninety-day time period).

■■ The good cause propounded by Palmer before the district court was based upon the inaction of a paralegal in her attorney's office. The parties concede that service was made 247 days after filing the petition, which is 184 days beyond the deadline, and no extension was sought or granted by the district court. Palmer's attorney asserted the paralegal willfully withheld that service had not been completed on Hofman, going so far as to insist on opening mail in the office and rescheduling the dismissal hearing without his

knowledge. The sole attempt to complete service was the initial delivery of the petition and original notices to the Mills County Sheriff right after filing. Palmer's attorney did not contend that he actively inquired about the case and the paralegal continually deceived him as to its progress. Instead, it appears the paralegal was just left to her own devices on the matter with little or no supervision by the attorney for approximately eight months after the petition was filed until the dismissal hearing.

As Hofman argued before the district court, she contends the Iowa Rules of Professional Responsibility require a "nonlawyer employed or retained by or associated with a lawyer.... a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer...." Iowa R. Prof. Conduct 32:5.3. We note the guidance provided in Comment 1 to this particular section provides:

> Lawyers generally employ assistants in their practice, including secretaries, investigators, law student interns, and paraprofessionals. Such assistants, whether employees or independent contractors, act for the lawyer in rendition of the lawyer's professional services. A lawyer must give such assistants appropriate instruction and supervision concerning the ethical aspects of their employment.... and should be responsible for their work product. The measures employed in supervising nonlawyers should take account of the fact that they do not have legal training and are not subject to professional discipline.

Based upon the particular facts of this case, we conclude that good cause does not exist to excuse delay of service. While the circumstances of Palmer's attorney's paralegal are unfortunate, we do not believe they constitute good cause excusing the delay of service because counsel was ultimately responsible for the conduct and work product of his paralegal. No effort to complete service was taken after delivery of the documents to the Mills County Sheriff. Not monitoring the progression of a case in one's own office until eight months have passed is not akin to the uncontrollable, rogue actions of a third party beyond the attorney or party's reach that prevents timely service of process. No supporting evidence was put forth by affidavit or otherwise supporting the arguments of Palmer's attorney regarding his paralegal's conduct. Although the paralegal may have concealed her dilatoriness on the case, the record does not reflect that counsel actively inquired of the case's development with her or with the district court. We therefore conclude substantial evidence does not support a finding of good cause existing for the 184-day delay in service of process beyond the statutory limit set forth by rule 1.302(5). *See also McIsaac v. Cedergren,* 54 Mass. App.Ct. 607, 611, 766 N.E.2d 903, 907 (2002) (holding a legal secretary's dilatoriness in completing service on defendant was not "excusable neglect" sufficient to vacate judgment of dismissal for delay of service because plaintiff's counsel disregarded his own responsibility to monitor the progress of the case and meet requirements of the rules of civil procedure). We reverse the ruling of the district court overruling the motion to dismiss and remand for entry of an order for dismissal without prejudice.

**REVERSED AND REMANDED.**