# IN THE COURT OF APPEALS OF IOWA

No. 16-1746
Filed September 13, 2017

NEIL DEWIT and MELISSA DEWIT,
      Plaintiffs-Appellants,

vs.

MADISON COUNTY ZONING BOARD and MADISON COUNTY BOARD OF ADJUSTMENT,
      Defendants-Appellees.
_____

      Appeal from the Iowa District Court for Madison County, Gregory A. Hulse, Judge.


      Plaintiffs appeal from an order dismissing without prejudice their petition for want of timely service of original notice. **AFFIRMED.**



      Lisa M. Noble of Noble Law Office, Des Moines, for appellants.

      Matthew D. Schultz, County Attorney, Madison County, for appellees.


      Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**MCDONALD, Judge.**

The question presented is whether the district court erred in dismissing without prejudice plaintiffs Neil and Melissa DeWit's petition for writ of certiorari and declaratory action for failure to timely serve original notice on defendants Madison County Zoning Board and Madison County Board of Adjustment. Our review is for the correction of legal error. *See Palmer v. Hofman*, 745 N.W.2d 745, 747 (Iowa Ct. App. 2008). "When considering a motion to dismiss for delay of service, the district court's factual findings are binding if they are supported by substantial evidence." *Id.*

This case involves a land use dispute between the Dewits and Madison County. In March 2015, the Madison County Office of Zoning and Environmental Health filed civil infractions against the Dewits for several violations of county zoning ordinances. The case number assigned to the civil infractions was CVCV034188. The civil-infractions case was resolved by way of consent order in September of 2015. The consent order required the Dewits to abate the violations within six months.

After the consent order was issued, the Dewits filed an application for an agricultural exemption from the zoning ordinances. The Office of Zoning and Environmental Health denied the application. The Board of Adjustment affirmed the denial of the application.

On April 20, 2016, the Dewits filed a petition for writ of certiorari and declaratory action challenging the Board of Adjustment's decision that denied the Dewits' application for an exemption. The Dewits filed their petition in the civil-infraction case, CVCV034188. The county attorney accepted service of the

petition. Original notice was not included in the materials sent to or accepted by the county attorney.

The defendants moved to dismiss the petition on the ground the petition should have been docketed as a new action and not as a filing in the civil-infraction case. On June 7, 2016, the district court denied the motion to dismiss. The district court ordered the clerk of court to transfer the petition and all related filings to the appropriate docket and to assign a new case number to the petition. The order specified the petition would relate back to and be deemed to have commenced on the date of filing, April 20. The district court's order also stated that original notice had not been issued or served on the board of adjustment and that the district court lacked personal jurisdiction until service of the original notice was obtained. The petition was transferred to the appropriate docket and assigned a new case number on June 14, 2016.

The Board of Adjustment filed a motion to dismiss the petition on September 1, 2016, for failure to timely serve original notice. The next day, the DeWits served original notice on the board. This service occurred 135 days from the date of filing—April 20—but fewer than 80 days from the date the petition was transferred and assigned a new case number. The district court granted the second motion to dismiss, concluding service of original notice was not timely pursuant to Iowa Rule of Civil Procedure 1.302.

Iowa Rule of Civil Procedure 1.302 governs the service of original notice. It provides in relevant part:

> If service of the original notice is not made upon the defendant, respondent, or other party to be served within 90 days after filing the petition, the court, upon motion or its own initiative after notice

> to the party filing the petition, shall dismiss the action without prejudice as to that defendant, respondent, or other party to be served or direct an alternate time or manner of service. If the party filing the papers shows good cause for the failure of service, the court shall extend the time for service for an appropriate period.

Iowa R. Civ. P. 1.302(5).

The Dewits did not serve original notice on the defendants within 90 days after filing their petition. The petition was filed in the wrong case on April 20, 2016. When the district court ordered the petition to be transferred to the correct docket and given a new case number, the district court explicitly stated for purposes of service the filing date would be April 20, as opposed to the date the petition was assigned a new case number. The district court's order further advised the Dewits they had not yet served original notice on the defendants. The service of the defendants on September 2 was not within the 90-day service period.

The Dewits seem to contend that the county attorney's acceptance of service of the petition alone is sufficient to comply with the Rule 1.302. This is incorrect. The original notice and petition are separate and distinct. *See* Iowa R. Civ. P. 1.302(3) (providing an original notice shall be served with a copy of the petition). "An original notice is the formal writing, issued by authority of law, for the purpose of bringing defendants into court to answer plaintiff's demands in a civil action." *Jacobson v. Leap*, 88 N.W.2d 919, 921 (Iowa 1958). The contents of the original notice are prescribed by rule. *See* Iowa R. Civ. P. 1.302(1) (setting forth the required content of original notice). In contrast, the petition is a pleading that sets forth a simple and concise statement of the claim or claims at issue.

*See* Iowa Rs. Civ. P. 1.401, 1.402.  The rules of civil procedure require service of the original notice.  We are not at liberty to ignore the plain language of the rule:

> We cannot . . . ignore a clear statutory requirement to achieve what appears to be the best result in a particular case.  Such action almost always makes bad law . . . . "The so-called technicalities of the law are not always what they seem. When they establish an orderly process of procedure, they serve a definite purpose and are more than technical; they have substance, in that they lay down definite rules which are essential in court proceedings so that those involved may know what may and may not be done, and confusion, even chaos, may be avoided. They are necessary; without them litigants would be adrift without rudder or compass."

*Krebs v. Town of Manson*, 129 N.W.2d 744, 748 (Iowa 1964) (quoting *Esterdahl v. Wilson*, 110 N.W.2d 241, 246 (Iowa 1961)).

The district court could have taken one of three actions upon the plaintiffs' failure to timely serve original notice on the defendants.  Those actions are (1) dismiss the petition without prejudice, (2) impose alternative directions for service, or (3) grant an extension of time to complete service.  *See Meier v. Senecaut*, 641 N.W.2d 532, 541 (Iowa 2002).

An extension of time under the rule requires a showing of good cause. *See* Iowa R. Civ. P. 1.302(5); *Crall v. Davis*, 714 N.W.2d 616, 619–20 (Iowa 2006).  Good cause requires the plaintiff to show they have

> taken some affirmative action to effectuate service of process upon the defendant or have been prohibited, through no fault of his own, from taking such an affirmative action.  Inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service have generally been [viewed] as insufficient to show good cause

*Palmer*, 745 N.W.2d at 747; *Henry v. Shober*, 566 N.W.2d 190, 192–93 (Iowa 1997).

The Dewits did not argue there was good cause to extend the time for service. Even if they had, those arguments would be unavailing. They filed the petition in the wrong case. They failed to send original notice to the county attorney. The district court's order transferring the case to the correct docket explicitly stated the relevant filing date was April 20 and the Dewits still had to serve the original notice. The plaintiffs had five weeks from the date of this order to serve original notice on the defendants but failed to do so. The plaintiffs simply missed the relevant deadline. This is insufficient to establish good cause. The plaintiffs' untimely service of the original notice on September 2 does not remedy the failure to timely serve original notice. *See Brubaker v. Estate of DeLong*, 700 N.W.2d 323, 327 (Iowa 2005) ("The fallacy with Brubaker's argument is that Brubaker obtained the second acceptance of service after the time given by the court to obtain service on the defendant had expired. Even if we assume the second acceptance cured any defects in the first acceptance of service, there was no order extending the time to serve the defendant.").

As a fallback position, the Dewits argue the failure to timely serve original notice should be excused here because Iowa courts liberally construe the rules of civil procedure to allow for resolution on the merits and because the defendants had actual notice of the suit. It is true Iowa courts "are now committed to liberal construction of our rules of procedure to insure resolution of disputes on their merits." *Smith v. Baule*, 260 N.W.2d 850, 854 (Iowa 1977). In that light, we have held that minor, technical errors in the original notice should not warrant dismissal of an action. *See, e.g., Burg v. Bryant*, 264 N.W.2d 750, 751–752 (Iowa 1978) (allowing action to proceed where the defendant's name

was incorrect); *Patten v. City of Waterloo*, 260 N.W.2d 840, 841 (Iowa 1977) (allowing claim to proceed where original notice did not include name and address of plaintiff's attorney). However, serious errors are still grounds for dismissal. *See, e.g., McFadden v. Dep't of Transp.,* 877 N.W.2d 119, 121 (Iowa 2016) (noting "[r]ules, especially those which fix jurisdictional matters, are . . . vital to the proper conduct of court business."); *Smith,* 260 N.W.2d at 854 (holding original notice served on a wrongly identified party warranted dismissal); *Hartson v. Estate of Iverson*, No.16-0475, 2017 WL 1088114, at *1 (Iowa Ct. App. Mar. 22, 2017) (holding original notice which directs appearance/filing of an answer in the wrong county or city is defective).

The failure to timely serve original notice cannot be deemed a minor or technical error even where the defendant has actual notice of the petition. *See, e.g., Waddy v. Lumbard*, No. 05-1938, 2007 WL 248093, at *2 (Iowa Ct. App. Jan. 31, 2007) (affirming dismissal of suit where plaintiffs failed to timely serve original notice, parties were in settlement negotiation, the defendant was aware of the suit, and the defendant refused to accept service of original notice and noting "[s]ending opposing counsel a form for acceptance of service for his clients is, at best, a half-hearted attempt at service." Our supreme court has made clear it is the plaintiffs' obligation to effect timely service of original notice even where the defendant or defendants had actual notice of the action:

> In fact, Mokhtarian has provided no explanation for the delay in proper service, but simply asserts that GTE suffered no prejudice from the delay because GTE obviously knew a petition had been filed. He also asserts that his attempts at service show that delay in service was not intentional. The point, however, is not whether GTE suffered prejudice from the delay in service or whether the delay was intentional, but rather whether Mokhtarian can show

justification for the delay. *See Henry*, 566 N.W.2d at 192 (if delay in service is presumptively abusive, it does not matter whether delay in service was intentional). Moreover, it is irrelevant whether GTE knew a lawsuit had been filed because Iowa Rule of Civil Procedure 49 still requires service of an original notice and petition upon the defendant. As we said in *Henry*, "[n]otice of the possibility of a lawsuit is not sufficient; the party being sued must be served with an original notice as required by our rules of civil procedure." *Id.* (rejecting plaintiff's assertion that defendant was not prejudiced by delay because defendant had knowledge of lawsuit). Thus, the fact that Mokhtarian made previous unsuccessful attempts at service by mail is not adequate justification for the delay since those attempts at service had no legal significance.

In reality, we think that the delay in service can be attributed to plaintiff counsel's initial belief that service could be accomplished by certified mail. We understand that counsel, not being licensed to practice law in Iowa, was probably unfamiliar with Iowa rules regarding the timeliness and proper manner of service of an original notice. Counsel's lack of knowledge, misunderstanding or ignorance of our rules of civil procedure, however, does not excuse the delay in proper service. *Id.* (quoting *Vincent v. Reynolds Mem'l Hosp., Inc.*, 141 F.R.D. 436, 437–38 (N. D. W. Va. 1992)). Once a plaintiff files a petition, we believe it only appropriate that the plaintiff should bear the burden of ensuring that service of the original notice and petition on defendant is both proper and timely. The plaintiff cannot rely on the opposing party to inform him or her that service was not sufficient under our rules of civil procedure and then argue the delay in service was justified by previous unsuccessful or legally insignificant attempts at service.

*Mokhtarian v. GTE Midwest Inc.*, 578 N.W.2d 666, 669 (Iowa 1998).

We thus conclude the district court did not err in dismissing the Dewits' petition without prejudice.

**AFFIRMED.**