# IN THE COURT OF APPEALS OF IOWA

No. 18-1321
Filed March 20, 2019

**BRIDGETTE FERGUSON and ROBERT RUTLEDGE,**
    Plaintiffs-Appellants,

**vs.**

**DAVID JONES and VERITIV OPERATING COMPANY,**
    Defendants-Appellees,

and

BROWN TRUCK LEASING CORPORATION, Defendant.
_____


    Appeal from the Iowa District Court for Warren County, Martha L. Mertz, Judge.


    Plaintiffs appeal from the district court's dismissal of their lawsuit for failing to serve the defendants within the ninety-day window required by Iowa Rule of Civil Procedure 1.302(5). **AFFIRMED.**


    Jeff Carter and Zachary C. Priebe of Jeff Carter Law Offices, P.C., Des Moines, for appellant.

    Michael L. Moran of Engles, Ketcham, Olson & Keith, P.C., Omaha, Nebraska, for appellee.


    Considered by Vogel, C.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

The district court dismissed plaintiffs' personal injury action for lack of timely service of process. Plaintiffs appeal arguing the defendants' motion to dismiss was untimely and, in any event, the delay in service beyond the deadline date was short and defendants suffered no prejudice thereby. We affirm the district court.

On August 2, 2017, Bridgette Ferguson and Robert Rutledge filed a lawsuit against defendants David Jones, Brown Truck Leasing Corporation, and Veritiv Operating Company[1] seeking recovery for personal-injury damages. The petition alleges that on August 6, 2015, Ferguson and Rutledge were injured in a motor vehicle collision negligently caused by Jones.[2] Suit papers were served on Jones and Brown Truck Leasing on November 10, 2017, 100 days after suit was filed. Veritiv was served three days later on November 13, 2017, 103 days after suit was filed. Plaintiffs filed a motion for default judgment on February 7, 2018. Their motion was denied on February 12 for failure to comply with default judgment procedure pursuant to Iowa Rule of Civil Procedure 1.972. On February 21, 2018, over 100 days after having been served, defendants Jones and Veritiv filed a motion to dismiss plaintiffs' action, pursuant to Iowa Rule of Civil Procedure 1.421(1)(c), for failure to timely serve pursuant to Iowa Rule of Civil Procedure 1.302(5) which requires that service be made within 90 days after filing the

---

[1] Plaintiffs incorrectly named Veritiv as "Veritive" in their district court filings. We corrected the caption to reflect the proper spelling of Veritiv and use the correct spelling throughout this opinion.

[2] Jones was operating a tractor trailer owned by Brown Truck Leasing and leased by Veritiv Operating. Ferguson and Rutledge were passengers in a vehicle driven by another.

petition.[3]  Plaintiffs resisted and an unreported hearing was held before the district court.  On July 23, 2018, the court granted the motion to dismiss finding service of process was not made within 90 days after filing the petition as required by rule 1.302(5).  Further, the court concluded:

> Here, Plaintiffs do not fall within either exception to the rule. Plaintiffs did not obtain an extension of time to accomplish service. Plaintiffs also did not assert facts, either in their resistance or in argument, that might support a finding of good cause.
> Plaintiffs defend against the motion to dismiss by pointing out Defendants did not file the motion until after Plaintiffs gave notice of their intent to file for a default judgment.  Plaintiffs assert Defendants' motion is untimely and, therefore, the Court should deny the motion.
> While Defendants did not file the motion to dismiss within twenty days of the late service on them, the Court concludes filing a motion to dismiss more than twenty days after service does not excuse Plaintiffs' noncompliance with the rule.  Plaintiffs did not explain the late service on Defendants and cited no cases on point in support of their position that the Court should deny the motion based on untimeliness.
> In order to avoid dismissal, it was incumbent upon Plaintiffs to establish good cause under the rule.
> Plaintiffs failed to do, so the Court grants the motion to dismiss.

The court dismissed the action without prejudice.  Ferguson and Rutledge appeal.

We review the district court's ruling regarding a motion to dismiss for correction of errors at law.  *Crall v. Davis*, 714 N.W.2d 616, 619 (Iowa 2006).  When the motion to dismiss is based upon delay of service, the district court may consider matters outside the pleadings, and we are bound by the court's factual findings if supported by substantial evidence.  *Id.*

---

[3] Defendant Brown Truck Leasing did not file an appearance, motion, answer, or anything else in the district court.  It has not filed an appearance or any other papers with the appellate courts.

Iowa Rule of Civil Procedure 1.302 governs the service of original notice. It provides in relevant part:

> If service of the original notice is not made upon the defendant, respondent, or other party to be served within 90 days after filing the petition, the court, upon motion or its own initiative after notice to the party filing the petition, shall dismiss the action without prejudice as to that defendant, respondent, or other party to be served or direct an alternate time or manner of service. If the party filing the papers shows good cause for the failure of service, the court shall extend the time for service for an appropriate period.

Iowa R. Civ. P. 1.302(5). Plaintiffs do not dispute that they served the defendants outside of the ninety days required by Iowa Rule of Civil Procedure 1.302(5). However, they maintain the district court should not have granted the defendants'[4] motion to dismiss; they raise two alternative arguments to support their position.

Plaintiffs first argue that the motion to dismiss was not timely filed and therefore should have been denied. Iowa Rule of Civil Procedure 1.303(1) provides: "Unless otherwise provided, the defendant, respondent, or other party shall serve, and within a reasonable time thereafter file, a motion or answer within 20 days after service of the original notice and petition upon such party." Also relevant here, Iowa Rule of Civil Procedure 1.421(1) provides: "The following defenses or matters *may* be raised by pre-answer motion: (c) Insufficiency of the original notice or its service." Iowa R. Civ. P. 1.421(1)(c) (emphasis added). It is undisputed that defendants did not file a pre-answer motion to dismiss or answer within 20 days after they had been served with the original notice and petition. Plaintiffs assert the rules require a pre-answer motion or answer within 20 days of

---

[4] Because Brown Truck Leasing did not file anything in the district court or in the appellate courts, we refer to Jones and Veritiv Operating collectively in this opinion as "defendants."

service and argue failure to do so constitutes a waiver of defendants' insufficiency of service argument. Plaintiffs cite no case law for the proposition, nor were we able to find any. Fatal to plaintiffs' argument is that rule 1.303(1) provides no waiver penalty for failure to timely file a pre-answer motion or answer. But, that is not to say there was no remedy available to plaintiffs. A motion for default judgment under Iowa Rule of Civil Procedure 1.971(1) provides the appropriate remedy. The rule provides: "A party shall be in default whenever that party does any of the following: (1) Fails to serve and, within a reasonable time thereafter, file a motion or answer as required in rule 1.303 or 1.304." Iowa R. Civ. P. 1.971(1). Although plaintiffs filed a motion for default judgment, it was rejected by the district court for plaintiffs' noncompliance with the rule's procedural requirements. We reject plaintiff's waiver argument.

Secondly, plaintiffs argue their "cause of action should not be dismissed due to a procedural technicality, especially a technicality involving a failure to serve an original notice only two weeks past the 90-day deadline under Iowa Rule of Civil Procedure 1.302(5)." The rule's predecessor, Iowa Rule of Civil Procedure 49(f), was interpreted by the Iowa Supreme Court in *Meier v. Senecaut*, 641 N.W.2d 532, 541–42 (Iowa 2002). There, the court determined the rule permitted a district court to take any one of three actions once service had not been accomplished within ninety days from the filing of the petition: (1) dismiss the petition without prejudice, (2) impose alternative directions for service, or (3) grant an extension of time to complete service. *Meier,* 641 N.W.2d at 541.

The last option, granting an extension of time requires a showing of good cause. *See* Iowa R. Civ. P. 1.302(5); *Crall v. Davis*, 714 N.W.2d 616, 619–20 (Iowa 2006). Good cause requires the plaintiff to show they have

> taken some affirmative action to effectuate service of process upon the defendant or have been prohibited, through no fault of his own, from taking such an affirmative action. Inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or halfhearted attempts at service have generally been [viewed] as insufficient to show good cause

*Palmer v. Hofman*, 745 N.W.2d 745, 747 (Iowa App. 2008) (quoting *Crall*, 714 N.W.2d at 619). Here, plaintiffs do not even suggest they had any good cause for failure to serve within the ninety-day window. Under the circumstances, the court had no discretion and was required to dismiss plaintiff's lawsuit. *Meier*, 641 N.W.2d at 541–42 ("Once a determination of good cause has been accepted or rejected, the district court has no discretion and is required to either extend the time for service for an appropriate period or dismiss the action without prejudice."). We note that we recently affirmed dismissals of actions when the defendant was personally served, but the personal service was only a matter of days after the ninety-day limit and there was no showing of good cause for the delay. *Gerth v. Iowa Business Growth, Inc.*, No. 17-1018, 2018 WL 5292086, at *7 (Iowa Ct. App. Oct. 24, 2018) (further review petition pending) (three days late); *Richardson v. Lundberg*, No. 17-0095, 2018 WL 1098890, at *1 (Iowa Ct. App. Feb. 21, 2018) (eleven days late).

Plaintiffs argue dismissal is too strict a sanction. Rule 1.302(5) provides that the court "shall dismiss without prejudice." *See* Iowa Code § 4.1(3)(1) (2015) (providing the word "shall," in statutes enacted after July 1971, "imposes a duty");

*In re Det. of Fowler*, 784 N.W.2d 184, 187 (Iowa 2010) ("[T]he word 'shall' generally connotes a mandatory duty."); *Berent v. City of Iowa City*, 738 N.W.2d 193, 209 (Iowa 2007) ("The term 'shall' is mandatory."); *State v. Klawonn*, 609 N.W.2d 515, 521–22 (Iowa 2000) ("The word 'may' can mean 'shall,' but the word 'shall' does not mean 'may.'"). And plaintiffs have not provided, and we have not found, any authority to support their claim that the district court can choose a "sanction" other than dismissal without prejudice. We do not consider this argument further.

Plaintiffs also argue defendants cannot claim lack of notice or prejudice by the short delay in service and they should therefore be given a bye. Under our current jurisprudence, neither is a factor in analyzing application of the rule.

Plaintiffs further argue the failure to timely serve should be excused because Iowa courts liberally construe the rules of civil procedure to allow for resolution on the merits. This argument has been rejected by this court. *Dewit v. Madison Co. Zoning Bd.*, No. 16-1746, 2017 WL 4049508, at *3-4 (Iowa Ct. App. Sep. 13, 2017); *Rittgers v. West Bank*, No. 13-0816, 2013 WL 6686432, at *5 (Iowa Ct. App. Dec. 18, 2013). That is not to say there is no merit in amending the rule to allow a district court discretion to grant an extension even in the absence of good cause or prejudice to the defendant. Justice Waterman suggested the rule be amended:

> I prefer to see cases resolved on their merits, and I think there is something to be said for amending our rule to conform to Federal Rule of Civil Procedure 4(m). Under that rule, even if the plaintiff fails to show "good cause" for not serving the defendant by the deadline, the district court has discretion to extend the time for service. *See* Fed. R. Civ. P. 4(m) (providing that, if a defendant is not timely served, the court "must dismiss the action without prejudice against that defendant *or order that service be made within a specified time*" (emphasis added)).

*Rucker v. Taylor*, 828 N.W.2d 595, 606–07 (Iowa 2013). Until the rule is amended, plaintiffs must make a showing of good cause before the court may grant an extension of time to serve.

Furthermore, the harshness of the application of the rule can be further tempered by adding a prejudice component to the rule's analysis. In other words, in the absence of "good cause" on the part of the plaintiff in failing to timely serve, the defendant would have to show prejudice before dismissal would be warranted. *Gerth*, 2018 WL 5292086, at *8 (Doyle, J., dissenting). Again, while there may be merit in adding a prejudice component to the rule, it is not yet a part of the rule 1.302(5) analysis, and we are not at liberty to overturn supreme court precedent. *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014) ("We are not at liberty to overrule controlling supreme court precedent.").

The district court did not err in dismissing plaintiffs' lawsuit for their failure to serve within the rule 1.302(5) ninety-day limit. We acknowledge that the dismissal of plaintiffs' action will likely prejudice their ability to have their case decided on the merits, but this result does not require us to find good cause where there is, in fact, none. We agree with the district court's determination that plaintiffs did not establish good cause for the delay of service.

**AFFIRMED.**