# IN THE COURT OF APPEALS OF IOWA

No. 18-1067
Filed May 1, 2019

IN THE MATTER OF THE ESTATE OF GEORGE MRLA,
Deceased.

ROBERT MARION RICHARD MRLA,
     Plaintiff-Appellee.

vs.

ESTATE OF GEORGE MRLA, MARY GEORGIANNA HINER AND GEORGIE ANN QUINLAIN, AS EXECUTORS OF THE ESTATE OF GEORGE MRLA, deceased, AS TRUSTEES OF THE ANKA MRLA AND GEORGE MRLA FAMILY TRUST DATED AUGUST 14, 2015, AND INDIVIDUALLY,
     Defendants-Appellants,

_____

Appeal from the Iowa District Court for Woodbury County, Jeffrey A. Neary, Judge.

Defendants appeal the district court decision finding there was good cause for plaintiff's failure to timely serve notice. **REVERSED AND REMANDED.**

Glenn A. Metcalf of Metcalf & Beardshear, Moville, for appellants.

Michael W. Ellwanger of Rawlings, Ellwanger, Mohrhauser, Nelson & Roe, L.L.P., Sioux City, for appellee.

Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**BOWER, Judge.**

Defendants appeal the district court decision finding there was good cause for the failure of Robert Mrla to timely serve notice of his petition to set aside a will and petition for breach of contract to make a will. We find Robert was required to serve notice to the defendants. The defendants' petition for declaratory judgment did not waive their claims regarding untimely service of process. The district court erred in finding Robert showed good cause for the delay in service. We reverse the decision of the district court denying the motion to dismiss and remand.

## I.    Background Facts & Proceedings

George Mrla (George) died on April 26, 2017. Under his will, all of George's property went to The Anka Mrla and George Mrla Family Trust. Mary Hiner and Georgie Quinlain were named as the trustees. The trust provided on George's death specific parcels of land would be distributed to his children—George S. Mrla (George S.), John Mrla, David Mrla, Robert, Georgie, Mary, Joseph Mrla, Rosemary Chicoine, Jennifer Newman, and George G. Mrla (George G.).[1] On May 3, 2017, Mary filed a petition for probate of the will without present administration, and the district court granted the petition. The attorney for Mary and Georgie as trustees was Glenn Metcalf.

On September 18, 2017, Robert filed a petition to set aside the will, claiming George was mentally incompetent to make a will and the will was the result of undue influence. In addition, Robert filed a petition for breach of contract to make a will, asserting he had provided farm services to George without pay based on

---

[1] According to the trust document, George's child, Louis Mrla, would not receive a parcel of land.

statements he would receive an eighty-acre farm in George's will. The trust, the estate, and Robert's siblings were named as defendants. Robert's attorney for the claims was Michael Ellwanger.[2]

On September 21, 2017, Ellwanger sent a letter to Metcalf, asking if he represented all of the fiduciaries and other parties in the litigation. On October 5, Ellwanger sent Metcalf an email, again asking if he was representing the defendants. Ellwanger stated, "Inasmuch as the claims were filed in the probate, I don't think that I need to personally serve anyone, but would like to visit with you about this." Metcalf responded he was only representing Mary and Georgie as trustees but would try to see what the other family members wanted to do.

On October 25, in a separate proceeding, Mary and Georgie, as trustees, filed a petition for declaratory judgment, stating they had not been served notice. They sought a ruling Robert's filings were barred by the statute of limitations regarding trusts. On inquiry from Metcalf, Ellwanger stated he could accept service for Robert on the petition for declaratory judgment. In fact, however, Robert was personally served with notice of the petition for declaratory judgment.

Under Iowa Rule of Civil Procedure 1.302(5), service of notice should be made within ninety days after filing a petition. On December 18, the last day for timely service for Robert's petitions,[3] Ellwanger's firm emailed Metcalf stating, "We assume acceptance of service is reciprocal. Will you accept service on behalf of the Estate, Trust, and other defendants?" Metcalf replied, "[N]o I have not been

---

[2] Melissa Knight was also an attorney for Robert when he filed his claims, but she later withdrew from representing him due to a change in employment.

[3] By our calculation, the ninetieth day was Sunday, December 17, so service would be timely on Monday, December 18. *See* Iowa Code § 4.1(34) (2018); Iowa R. Civ. P. 1.1801.

authorized to accept service." Ellwanger sent the original notices and petitions to be served on the defendants to the sheriff's office late on December 18.

After the ninety days were past, on December 19, Ellwanger emailed Metcalf, "[W]e are preparing to serve all these people. Are you going to represent them? If so it seem[s] a waste of time and money to run around the countryside serving people." Metcalf responded he was only representing Mary and Georgie in their roles as trustees and was not authorized to accept service. Service of notice began on December 20.[4]

An amended petition for declaratory relief was filed on December 22 by Mary and Georgie as trustees. It stated Robert had not taken action for more than ninety days "to serve the trustees or any Defendant with copies of the Claim or either Petition." Mary and Georgie asked the court to dismiss Robert's petitions. On December 27, Mary and Georgie were appointed executors in the probate proceedings. Metcalf was designated as the attorney for the estate.

On January 3, 2018, Mary and Georgie, as executors and trustees, filed a motion to dismiss Robert's claims based on his failure to serve notice within ninety days, as required by rule 1.302(5). Motions to dismiss were also filed by John, David, Joseph, Rosemary, Jennifer, George G., and Mary in her individual capacity.[5]

---

[4] George G. and Joseph were served on December 20, 2017. John was served on December 21. Georgie was served on December 26. Louis was served on December 27. Rosemary was served on December 28. David was served on December 31. Mary was served January 20, 2018. Jennifer was served on January 23. George S. was served on January 29.

[5] These defendants, as well as Mary individually, were not represented by Metcalf but were represented by other counsel.

On January 16, Robert filed a motion to transfer Mary and Georgie's petition for declaratory judgment to the probate proceedings. Mary and Georgie did not resist the motion, and it was granted by the district court on January 24.

Robert resisted the motions to dismiss, claiming there was good cause for the court to extend the time for service of process. He stated Ellwanger had a good faith belief there was an agreement for reciprocal service, so Metcalf would accept service for the defendants. Robert claimed service of his petitions was not necessary because the parties had already been given notice of the probate proceedings. He also claimed the trustees' petition for declaratory judgment was a pre-answer motion and waived Mary and Georgie's right to object to the timing of service.

The district court determined "the defendants in these proceedings were named in their individual capacity and as such original notice was required to be served to each named defendant individually," and the defendants were not served within ninety days. The court determined the petition for declaratory judgment "could not constitute as a waiver or pre-answer motion in the present proceedings." The court concluded Robert did not show good cause in the delay in service to George S., John, David, Joseph, Rosemary, Jennifer, George G., or Louis and Robert's petitions should be dismissed as to them.

As to Mary and Georgie, as trustees, executors, and individually, the court found there was good cause for the delay in service. The court stated:

> Given that counsel was in constant communication throughout these proceedings making them aware of the pending suit; all filings were electronic; the good faith belief that acceptance of service was reciprocal; a Petition for Declaratory Relief was filed in [the other case]; and the fact that no executors were appointed within the ninety

day timeframe, [Robert] was justified in failing to serve Defendants Mary and Georgie in their official capacity within ninety days. Additionally, given that Mr. Metcalf was representing Mary and Georgie in their capacity as Trustees and Executors, leading to the reasonable conclusion he would be representing them in their individual capacity as well, their knowledge of the suit, along with Mr. Ellwanger's good faith belief that service upon each individual defendant was unnecessary; [Robert] was also justified in failing to serve Mary and Georgie in their individual capacity as well.

The court denied Mary and Georgie's motion to dismiss and determined Robert's petitions could proceed against the trust, the estate, and Mary and Georgie individually.

The trust, the estate, and Mary and Georgie individually filed a motion pursuant to Iowa Rule of Civil Procedure 1.904(2). The district court denied the motion. Mary and Georgie, as trustees, executors, and individually, appealed the decision of the court.

## II. Standard of Review

"We review decisions by the district court to grant a motion to dismiss for correction of errors at law." *Rucker v. Taylor*, 828 N.W.2d 595, 598 (Iowa 2013). On a motion to dismiss for delay of service, the court may consider facts outside the pleadings. *Carroll v. Martir*, 610 N.W.2d 850, 856 (Iowa 2000). The district court's factual findings are binding on appeal if they are supported by substantial evidence. *Rucker*, 828 N.W.2d at 599. "We are not bound, however, by either the legal conclusions or application of legal principles reached by the district court." *Id.*

## III. Service of Notice

A.     Robert claims it was not necessary for him to serve Mary and Georgie because they had submitted to the jurisdiction of the probate court by filing

the petition to admit George's will to probate. He states his petition to set aside the will and petition for breach of contract to make a will were in the nature of counterclaims, which would not need to be personally served on the plaintiffs in the probate case, who were Mary and Georgie. Robert does not cite any legal authority in support of this issue, and we conclude the issue has been waived on appeal.[6] *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue.").

**B.** Robert also claims the estate, the trust, Mary, and Georgie waived their objections to the untimely service of process because they did not raise the issue in the petition for declaratory judgment, which he asserts constitutes a pre-answer motion to dismiss. For the limited purposes of Robert's argument, we will accept the premise the petition for declaratory judgment was the equivalent of a pre-answer motion to dismiss.[7]

Under Iowa Rule of Civil Procedure 1.421(1)(c), "[i]nsufficiency of the original notice or its service" may be raised in a pre-answer motion. Rule 1.421(4) provides, "If a pre-answer motion does not contain any matter specified in rule 1.421(1) or 1.421(2) that matter shall be deemed waived, except lack of jurisdiction of the subject matter or failure to state a claim upon which relief may be granted." The rule means "if one challenge is raised in a pre-answer motion, all challenges

---

[6]  If we were to address the issue, we note where there is a petition to set aside a will after the will had been admitted to probate, the rules of civil procedure apply. Iowa Code § 633.311; *In re Estate of Steinberg*, 443 N.W.2d 711, 712 (Iowa 1989). This includes the rules concerning service of original notice. *Steinberg*, 443 N.W.2d at 713–14. We additionally note actual notice is not a substitute for service of notice. *See State v. Kaufman*, 201 N.W.2d 722, 724 (Iowa 1972).

[7]  The district court found the petition for declaratory judgment "could not constitute as a wavier or pre-answer motion in the present proceedings."

enumerated in subsections 1.421(1)(b)-(f), for which grounds exist at the time the petition is filed, must be raised in that motion or be deemed waived, thus prohibiting a party from filing multiple pre-answer motions." *Antolik v. McMahon*, 744 N.W.2d 82, 84 (Iowa 2007). A pre-answer motion, however, is not the "sole avenue" to challenge insufficiency of the service of notice. *Id.*

The petition for declaratory judgment, filed by Mary and Georgie as trustees on October 25, 2017, notes Robert had filed his petitions in the probate action and states, "To the best knowledge of the trustees no other action has been taken to serve the trustees or either of them with copies of the Claim or either Petition. Neither trustee has received certified mail as required by [section] 663A.3110(2)(d) for claims filed in a Trust." The amended petition, filed on December 22, 2017, further states, "No action was taken for more than 90 days to serve the trustees or any Defendant with copies of the Claim or either Petition." The amended petition requests dismissal of Robert's petitions based on untimely service of notice. We conclude the petition for declaratory judgment and the subsequent amended petition adequately raised the issue of insufficiency of the service of notice and Mary and Georgie, as trustees, did not waive this issue.[8] *See* Iowa R. Civ. P. 1.421(4).

## IV. Untimely Service

Iowa Rule of Civil Procedure 1.302(5) provides:

> If service of the original notice is not made upon the defendant, respondent, or other party to be served within 90 days after filing the petition, the court, upon motion or its own initiative after

---

[8] We further note the petition for declaratory judgment was filed by Mary and Georgie in their capacity as trustees. The petition would not have waived their rights as executors or individually.

notice to the party filing the petition, shall dismiss the action without prejudice as to that defendant, respondent, or other party to be served or direct an alternate time or manner of service. If the party filing the papers shows good cause for the failure of service, the court shall extend the time for service for an appropriate period.

The evidence shows Robert did not serve notice to Mary or Georgie within ninety days after he filed his petitions on September 18, 2017. He served Georgie on December 28, 2017, and Mary on January 20, 2018. "When there is no service within ninety days and no order extending the time for service, the delay is presumptively abusive." *Palmer v. Hofman*, 745 N.W.2d 745, 747 (Iowa Ct. App. 2008).

Mary and Georgie claim Robert did not show good cause for the delay in service. On appeal, we consider whether there is substantial evidence to support the district court's finding of good cause. *See Crall v. Davis*, 714 N.W.2d 616, 621 (Iowa 2006); *Palmer*, 745 N.W.2d at 747. Robert is required to justify the delay in service. *See Wilson v. Ribbens*, 678 N.W.2d 417, 422 (Iowa 2004) (noting "we have long required plaintiffs to justify certain delays in service").

The concept of good cause requires

"[t]he plaintiff must have taken some affirmative action to effectuate service of process upon the defendant or have been prohibited, through no fault of his [or her] own, from taking such an affirmative action. Inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service have generally been waived as insufficient to show good cause. Moreover, intentional nonservice in order to delay the development of a civil action or to allow time for additional information to be gathered prior to 'activating' the lawsuit has been held to fall short of . . . good cause . . . ."

*Meier v. Senecaut*, 641 N.W.2d 532, 542 (Iowa 2002) (citation omitted).

Additionally, the Iowa Supreme Court has stated:

> [G]ood cause is likely (but not always) to be found when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances . . . .

*Rucker*, 828 N.W.2d at 600 (citation omitted). We consider "all the surrounding circumstances" in determining whether a party has shown good cause for a delay in service. *Id.* at 601.

Within the ninety-day period, Robert's attorney asked Metcalf if he could accept service on behalf of the defendants, but Metcalf consistently stated he was not authorized to accept service and only represented Mary and Georgie as trustees. The email exchanges do not show an agreement for reciprocal service, only an inquiry by Robert which was rejected by Metcalf, who stated, "[N]o I have not been authorized to accept service." We find there is not substantial evidence in the record to support the district court's finding Robert had a "good faith belief that acceptance of service was reciprocal." Also, the communications between Ellwanger and Metcalf showed Metcalf informed Ellwanger he would not accept service, so the court's finding of "constant communication throughout these proceedings" does not support a finding of good cause for a delay in service.

The court's finding, "all filings were electronic," does not support a delay in service. We have already discussed the petition for declaratory relief, filed on October 25, 2017, which pointed out Robert had not yet served Mary and Georgie. Additionally, we note because Metcalf was representing Mary and Georgie as trustees, this would not lead to the "reasonable conclusion" he would represent them as individuals, as Mary had an individual attorney for the motion to dismiss.

We agree Robert could not serve Mary and Georgie as executors within the ninety days after he filed his petition because they were not appointed as executors until December 27. Robert, however, could have sought an extension of time to serve them within the ninety days, rather than letting the time period pass without serving them. *See Brubaker v. Estate of DeLong*, 700 N.W.2d 323, 327 (Iowa 2005) (noting the court had granted extensions for service of notice).

Considering all of the relevant circumstances, we conclude the district court erred by finding there was good cause for the delay of service in this case. Robert waited until late on the ninetieth day after he filed his petitions to send the original notices and petitions to the sheriff, meaning they would not be served within the ninety days. Thus, Robert waited until the service deadline to begin to take affirmative steps to effectuate service of process. "Inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service have generally been waived as insufficient to show good cause." *Meier*, 641 N.W.2d at 542.

We reverse the court's decision denying the motion to dismiss and remand to the district court.

**REVERSED AND REMANDED.**